STATE v. BECKROGE.

STATE v. PERANO.

STATE v. BERTUCCI.

1. CRIMINAL LAW—PLEADING—INDICTMENT.—Different offenses may be charged in the same indictment.
2. IBID.—IBID.—IBID.—DUPLICITY—NUISANCE.—One count in an indictment containing several allegations, either of which would constitute the offense of nuisance, is not duplicitous.

Before EARLE, J., Charleston, June, 1896.　Affirmed.

Three indictments respectively against J. H. Beckroge, E. Perano, and J. A. Bertucci, in the following form:

At a Court of General Sesssions begun and holden in and for the County of　　　, in the State of South Carolina, at　　　Court House, in the county and State aforesaid, on the　　Monday of　　, in the year of our Lord 189 , the jurors of and for the county aforesaid, in the State aforesaid, upon their oath, present: That　　, at　　　Court House, in the county of　　　and State aforesaid, on the　　　day of　　, in the year of our Lord 189 , and on divers other days, both before and since that day, up to the taking of this inquisition, willfully and unlawfully did sell, barter, exchange, and deliver to one　　　, and to divers other persons to the jurors aforesaid unknown, spirituous, malt, and other liquors containing alcohol, and used as a beverage, to wit:　　, against the form of the statute in such case made and provided, and against the peace and dignity of the same State aforesaid.　And the jurors aforesaid, upon their oath aforesaid, do further present, that the said　　, at　　　Court House, in the county of　　　and State aforesaid, on the　　day of　　, in the year of our Lord 189 , and on divers other days, both before and since that day, up to the taking of this inquisition, did willfully and unlawfully keep and maintain a place where alcoholic liquors were sold, bartered, and given away, and where

persons were permitted to resort for the purpose of drinking alcoholic liquors as a beverage, and where alcoholic liquors were kept for sale, barter, and delivery, thereby then and there keeping and maintaining a common nuisance, against the form of the statute in such case made and provided, and against the peace and dignity of the same State aforesaid.

In each of these 'cases a motion to quash the indictment was made upon the grounds contained in the exceptions hereinafter set forth. The said motions were overruled by the presiding Judge, and the defendants being convicted, appealed on the following exceptions:

First. That his Honor erred in refusing to quash the indictments in the said several causes upon the ground urged, to wit: That the indictment was bad, in that it improperly joined three distinct offenses: 1. Selling intoxicating liquors. 2. Keeping a place where persons were permitted to resort for the purpose of drinking intoxicating liquors. 3. Storing the same.

Second. That his Honor erred in refusing to quash the second count in the said several indictments upon the ground presented, to wit: Duplicity, in that it charged three separate offenses in the same count: 1. Maintaining a place where intoxicating liquors are sold in violation of the act. 2. Maintaining a place where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage. 3. For maintaining a place where intoxicating liquors are kept for sale, barter or delivery, in violation of the act.

*Messrs. L. D. Melton* and *Alston & Patton*, for appellants, cite: 15 S. C., 434; 14 Rich., 172; Cheves, 105; 2 Brev., 487.

*Solicitor Jervey*, contra, cites: 2 Strob., 12; 2 McC., 301; 7 Rich., 484; Rice, 431; 1 McM., 189; 15 S. C., 191; Cheves, 103; 18 S. C., 149; 2 Strob., 10.

July 1, 1897. The opinion of the Court was delivered by MR. JUSTICE POPE. In the above entitled causes, tried

in the Court of General Sessions for Charleston County, in this State, at the June term, 1896, of said Court, before Judge Earle and a jury, each defendant was found guilty of maintaining a nuisance, under what is known as the dispensary law of this State, and after conviction were duly sentenced. Thereupon each one of the three defendants above named, and each in his own cause, appealed to this Court. A copy of the indictment and the exceptions thereto must be set out in the report.

As will appear by the indictment, it contained two counts—one for selling intoxicating liquors, and one for keeping a place where persons were permitted to resort for the purpose of drinking intoxicating liquors. The only questions raised by each appellant are that the Circuit Judge erred in refusing to quash the indictment. The grounds of such motion were, in brief: First. Because the indictment in each cause was bad, in that it improperly contained three counts, each of which set out a distinct offense. Second. Because of duplicity in the indictment, for that three offenses were charged in the same count.

It should be here stated that the grand jury found a true bill generally on the indictment against J. H. Beckroge, but in each of the cases against E. Perano and Bertucci, a true bill on the second count. Thus it appears, except in Beckroge's case, the indictment practically contained but one count, which would make the appeals of Perano and Bertucci present an immaterial point, so far as the first ground of appeal is concerned, but not so as to Beckroge. Both of the counts in the indictment charge but misdemeanors under our laws. The power to include distinct offenses of different grades—felony on the one hand, and misdemeanor on the other hand—has been recognized by this State in a long line of cases, among which may be mentioned *State* v. *Nelson*, 14 Rich., 172; *State* v. *Scott*, 15 S. C., 434; *State* v. *Norton*, 28 S. C., 576; *State* v. *Woodard*, 38 S. C., 353. In the case last quoted, it is said: "This is no new question in our courts. In *State* v. *Nelson*, 14 Rich.,

172, Mr. Justice Inglis, as the organ of the Court, said: 'If really distinct felonies be charged in separate counts of an indictment, no objection, in point of law, can be made.' So, also, in *State* v. *Scott*, 15 S. C., 435, Mr. Justice McIver, in referring to this matter, said: 'The rule upon this subject seems to be that there is no valid objection to the joinder of several distinct felonies in the same indictment, and that such joinder constitutes no ground for demurrer or motion in arrest of judgment.' The same conclusion was reached in the case of *State* v. *Norton*, 28 S. C., 576. The effect of a review in the same indictment of several counts for distinct offenses is different when such offenses grow out of the same transaction, and when such offenses have no connection the one with the other. In the first class, our courts have held that it was the duty of the Judges on Circuit to instruct the jury as to the effect of a general verdict of guilty, which is understood to carry the highest offense alleged, if there is testimony to support it, so that the jury may shape their verdict so as to conform to their real convictions by finding upon each count separately. In the second class of cases, it is the duty of the presiding Judge, without waiting for a. motion to that end from the defendant, to order the prosecuting officer to elect upon what charge he will confine the trial." The first ground of appeal is overruled.

We will next consider the second ground of appeal. We must overrule this also, as not well taken. The 22d section of what is known as the dispensary law provides: "All places where alcoholic liquors are sold, bartered or given away, in violation of this act, *or* where persons are permitted to resort for the purpose of drinking alcoholic liquors as a beverage, *or* where alcoholic liquors are kept for sale, barter or delivery, in violation of this act, are hereby declared to be common nuisances * * *." It is very clear that either the sales, &c., of alcoholic liquors, *or* providing a place where alcoholic liquors are drunk, *or* keeping a place where alcoholic liquors as a beverage are

kept, &c., would render a person so offending in either one of the three ways here denounced by law, guilty of the offense of a common nuisance. If a man is guilty of one of these three offenses, his crime is as complete as if guilty of the whole three, and *vice versa.* All that the indictment is intended to do is to provide the person offending with a statement of the offense for which he is to be tried. The offense is a common nuisance, and in this count he is put upon full notice. It has been held in this State, that while two distinct offenses cannot be included in the same count of the indictment, yet that it is not duplicitous when, in the same count, two offenses are set out, if one includes the other or others. *State* v. *Tidwell*, 5 Strob., 10. A familiar instance is that of an indictment for forgery. See the form of indictment as to the counts thereof in the case of *The State* v. *Washington*, 1 Bay, 120. It will be observed in the case at bar, the count does not charge the three forms of common nuisance in the disjunctive, but in the conjunctive. It is not "*or*," but "*and*." See, also, 2 Bish. Cr. Pro. (3d edition), section 867.

It is the judgment of this Court, that the judgment of the Circuit Court in each of the three cases hereinbefore named be affirmed, and that the said three cases be remanded to the Circuit Court for the enforcement of the judgment of that Court.