## No. 10170

### STATE v. JOHNSON

### (110 S. E. 460).

1.  CONSTITUTIONAL LAW—LEGISLATURE MAKING PENALTY FOR AN OF-
    FENSE IMPRISONMENT WITHOUT THE ALTERNATIVE OF A FINE IS
    NOT DENIAL OF DUE PROCESS.—It is not a denial of due process
    of law or of equal protection of the laws for Legislature to make
    a penalty for an offense imprisonment without the alternative of
    a fine though differing in that respect from other offenses.

2.  CRIMINAL LAW—STATUTE FIXING PUNISHMENT HELD VALID.—In a
    prosecution under Cr. Code 1912, § 204, for buying or receiving
    stolen goods, an exception that the statute violates the Fourteenth
    Amendment by depriving the accused of liberty without due process
    of law, and denying him the equal protection of the law because
    it declares that receiving stolen goods is a misdemeanor, and fixes
    the punishment upon conviction by imprisonment without the
    alternative of paying a fine, whereas all other misdemeanors in
    the State and under its laws are punished by fine or imprisonment
    with the alternative of paying a fine or being imprisoned, and
    because it fails to fix the alternative of paying a fine upon con-
    viction of a misdemeanor, regardless of the value of the property
    received or stolen, is not well taken.

3.  RECEIVING STOLEN GOODS—THREE-YEAR SENTENCE WITHOUT FINE
    HELD PROPER.—In a prosecution under Cr. Code 1912, § 204, mak-
    ing the buying or receiving stolen goods a misdemeanor, an excep-
    tion that the presiding Judge erred in the imposition of a three-
    year sentence upon the defendant upon conviction of receiving
    stolen goods without the alternative of paying a fine was not well
    taken.

4.  CRIMINAL LAW—EXCEPTION TO CHARGE ON ACCOMPLICE TESTIMONY
    HELD NOT WELL TAKEN.—In a prosecution under Cr. Code 1912,
    § 204, for buying or receiving stolen goods, an exception that the
    presiding Judge erred in charging that there was no law that for-
    bade the conviction of one upon the uncorroborated testimony of
    an accomplice, and that it was a question of fact for the jury to
    determine as to whether or not there was sufficient testimony to
    convict the defendant beyond a reasonable doubt, and that the
    jury alone were to determine what weight was to be given the
    testimony of any witness, whether an accomplice or any other
    witness, *held* not well taken.

NOTE: This case was carried to the United States Supreme Court
where the writ of error was dismissed January 13, 1922.

5. CRIMINAL LAW—APPELLATE COURT MAY NOT REVIEW DISCRETION OF TRIAL COURT IN GIVING PRISON SENTENCE SIMPLY ON CHALLENGE OF DISCRETION.—In prosecution for violation of Cr. Code 1912, § 204, making criminal the receiving or buying of stolen goods, the length of prison sentence rests in the sound discretion of the trial Court, and the Appellate Court is not warranted in disturbing that discretion simply upon a challenge of it by the accused.

6. CRIMINAL LAW—INSTRUCTION THAT JURY MIGHT REST CONVICTION ON TESTIMONY OF ACCOMPLICE CORRECT.—In prosecution for violation of Cr. Code 1912, § 204, making criminal the buying or receiving stolen goods, an instruction that the jury might rest a conviction on the testimony of an accomplice was correct.

7. CRIMINAL LAW—ORDER OF ADMISSION OF EVIDENCE HELD NOT ERRONEOUS.—In a prosecution for buying or receiving stolen goods, admitting evidence that the goods were received prior to other evidence tending to show the larceny was not erroneous.

8. CRIMINAL LAW—CHARGING JURY THAT IT REPRESENTED STATE WITHOUT CHARGING THAT IT ALSO REPRESENTED DEFENDANT WAS NOT ERRONEOUS.—In a prosecution for buying or receiving stolen goods, a charge to the jury that they represented the State without charging that they also represented the defendant was not erroneous.

Before MOORE, J., Richland, October, 1917. Affirmed.

Edward Johnson indicted and convicted of receiving stolen goods and appeals.

The following are the exceptions by defendant:

(1) It is submitted that Section 204, Crim. Code, S. C. 1912, under which the appellant was indicted, tried, convicted, and sentenced, violates the first section of the Fourteenth Amendment to the Constitution of the United States, in that therein and thereby the appellant, who is a citizen of the United States, is deprived of his liberty without due process of law and is also denied the equal protection of the law, in that:

(a) Said Section 204 of the Criminal Code 1912 of South Carolina declares that "receiving of stolen goods" is a misdemeanor, and further declares that upon conviction thereof the punishment shall be by imprisonment with-

out . the alternative of a fine; whereas all other misdemeanors in this State and under its laws, whether statutory or otherwise, are punished upon conviction by fine or imprisonment, with the alternative of paying a fine or being imprisoned; and further:

(b) Said Section 204, Criminal Code 1912 of South Carolina fails to fix the alternative of paying a fine upon conviction of a misdemeanor regardless of the value of the property received or stolen.

(2) That the presiding Judge erred in the imposition of a three-year sentence upon the defendant upon conviction of a misdemeanor of receiving stolen goods without the alternative of paying a fine.

(3) That the presiding Judge erred in allowing the witness to testify as to alleged delivery of the soda until it was proven to have been stolen goods.

(4) That the presiding Judge erred in charging the jury that there was no law that forbid the conviction of one upon the uncorroborated testimony of an accomplice, but that it was a question of fact for the jury to determine as to whether or not there was sufficient testimony to convict the defendant beyond a reasonable doubt, and that the jury alone were to determine what weight was to be given the testimony of any witness, whether an accomplice or any other witness.

(5) That the Court erred in charging the jury that they represented the STATE OF SOUTH CAROLINA (caps mine), as the jurors who are to pass upon the guilt or innocence of the defendant.

*Messrs. A. W. Holman* and *A. F. Spigner,* for appellant. No citations.

*Mr. Ed. C. Mann,* Solicitor, for the State.

February 25, 1919.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The defendant was tried for violation of Section 204 of the Code of Laws. It is that section which makes criminal the buying or receiving stolen goods, knowing them to have been stolen. The verdict was guilty, and the judgment of the Court was three years' imprisonment.

There are five exceptions. Let them be reported.

None of the exceptions are well taken. It is manifestly not a denial of due process of law for the Legislature to make the penalty for an offense imprisonment without the alternative of a fine. There is no need to cite authority for so well known a postulate.

The statute only declares the penalty shall be imprisonment; the length of the prison service rests in the sound discretion of the Court, exercised under all the circumstances of the case. We would not be warranted to disturb that discretion which was exercised in this case, simply upon a challenge of it by the appellant.

The Court correctly stated the law that a jury might rest a conviction on the testimony of an accomplice.

Of course, the State was bound to offer testimony (1) tending to prove that the soda had been stolen before a conviction had been had; (2) for receiving stolen goods. The Court so ruled, and only allowed the witness Jones to testify first in order of time that he delivered the soda to the defendant, and that he had talked with the defendant about the transaction. That testimony was supplemented, second in order of time, by other testimony tending to show the larceny. The Court only held that the State might make the proof in inverse order. The essential thing was to prove both the theft of the goods

and the receiving of stolen goods knowing them to be stolen.

Finally the Court charged the jury:

"Now, the defendant upon that indictment has pleaded not guilty, and has put himself for trial upon God and his country, and you represent the State of South Carolina as the jurors who are to pass upon the guilt or innocence of the defendant."

The appellant says the jury represented not only the State, but the defendant, too; and it was error to tell the jury that it represented the State.

But for a hundred years and more the clerks have uniformly, and sometimes with impressive gravity and dignity, charged the jury this:

"And for trial hath put himself upon God and his country, of which country you are; so that your business is to inquire whether the prisoner at the bar be guilty of the felony whereof he stands indicted or not guilty."

The judgment is affirmed.

Mr. Chief Justice Gary and Mr. Justices Hydrick, Watts, and Fraser concur.