### STATE v. HARRELL

#### (140 S. E., 256)

1. Intoxicating Liquors—Evidence Held to Sustain Conviction for Unlawful Possession.—Evidence *held* to sustain conviction for unlawful possession of intoxicating liquor.

2. Indictment and Information—Court's Refusal to Require Election Between Counts Charging Storing and Possession of Intoxicating Liquor Held not Error.—In prosecution under three counts, two charging storing of and one possession of intoxicating liquor, court's refusal to require state to elect between such counts before trial *held* not error.

3. Criminal Law—Court's Remarks for Benefit of Record at Time of Denying Continuance Held not Error.—In prosecution for storing and possessing intoxicating liquor, Court's remarks respecting prior indulgences for benefit of record at time of denying continuance *held* not prejudicial.

4. Criminal Law—Court's Remarks Respecting Continuance of Case Notwithstanding Ruling Against Sufficiency of Search Warrant Held not Error (Cr. Code, 1922, § 857).—In prosecution for violation of liquor law, where solicitor, on Court's ruling that search warrant was invalid under Cr. Code, 1922, § 857, stated that he did not know whether to pursue the case any further, Court's remark that he could go ahead, that the evidence offered was admissible notwithstanding invalidity of the warrant, *held* not prejudicial to defendant.

5. Criminal Law—Court's Remark at Time of Sustaining Objection to Admission of Search Warrant Held not Prejudicial to

DEFENDANT.—In prosecution for storing and possessing liquor, Court's remark, at time of sustaining objection to admission of search warrant, respecting the strict requirements of the law in the matter of issuance of warrants and necessity of full compliance therewith, *held* not prejudicial to defendant.

6. CRIMINAL LAW—ADMISSION OF TESTIMONY CONCERNING STATEMENT TO WITNESS AFFECTING DEFENDANT'S WHEREABOUTS, IF ERROR, HELD NOT PREJUDICIAL.—In prosecution for storing and possessing liquor, admission of testimony that witness went to house and inquired for defendant, and was told that defendant was not there, if error, *held* not prejudicial.

7. CRIMINAL LAW—IN PROSECUTION FOR STORING AND POSSESSING LIQUOR, ADMISSION OF TESTIMONY RELATIVE TO TRANSPORTATION HELD NOT PREJUDICIAL.—In prosecution for storing and possession of liquor, admission of particular testimony objected to as relevant only to charge of transportation *held* not prejudicial.

8. INTOXICATING LIQUORS—TWELVE MONTHS' IMPRISONMENT, SIX MONTHS OF WHICH WERE SUSPENDED, FOR POSSESSION OF INTOXICATING LIQUOR, HELD NOT EXCESSIVE (CONST. ART. 1, § 19).—Sentence to twelve months' imprisonment, six months of which time was suspended, for unlawful possession of intoxicating liquor, being within limitations prescribed by law, *held* not violative of Const. Art. 1, § 19, as unjust, unreasonable, or excessive.

Before DENNIS, J., Darlington, Summer Term, 1927. Affirmed.

Wallace Harrell was convicted of unlawfully possessing intoxicating liquor, and he appeals.

*Messrs. Miller, Lawson & Stokes,* for appellant, cite: *Defendant entitled to directed verdict of not guilty:* 134 S. C., 226; 130 S. C., 160; 126 S. E., 765; 134 S. C., 72; 136 S. C., 300; 123 S. C., 486. *A party cannot be convicted on one indictment for different offenses occurring at different times:* 24 S. C., 142; 32 S. C., 94; 132 S. C., 236. *Cases distinguished:* 49 S. C., 484. *Error to criticize appellant in the matter of the motion for continuance:* 139 S. C., 337; 128 S. C., 384; 99 S. C., 221; 81 S. C., 378. *As to admission of testimony:* 129 S. C., 478; 127 S. C., 397; 125 S. C., 22; 124 S. C., 514; 121 S. C., 230; 138 S. C., 459.

*Solicitor M. J. Hough* for respondent.

November 14, 1927.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

The defendant, Harrell, was convicted by a jury of having in possession intoxicating liquors in violation of the prohibition law (Cr. Code 1922, § 820, *et seq.,* as amended), and was sentenced by the Court to imprisonment for a period of twelve months, six months of which time were suspended.

He now appeals to this Court. As stated and argued by his counsel, the exceptions impute error to the trial Court in the following seven particulars: (1) In refusing to direct a verdict for the defendant, and in holding that the evidence was sufficient to support the verdict; (2) in refusing to require the State to elect upon which count in the indictment it would go to trial; (3) in criticizing the appellant in the matter of his motion for a continuance; (4) in refusing to allow the Solicitor to stop the prosecution; (5) in criticizing the law invoked on behalf of appellant; (6) in the admission of certain testimony; (7) in imposing a sentence that was excessive and in violation of Article 1, § 19, of the Constitution.

As to the first question: When the testimony was all in, the Court directed the jury that whatever verdict they might find should refer only to the third count of the indictment, which charged the defendant with having intoxicating liquors in his possession contrary to law. In support of this charge, the undisputed testimony adduced by the State showed that the officers went to the home of the defendant, searched his dwelling house, and found 42 half gallons of corn whiskey "hidden next to the chimney under the ceiling." Under this testimony, it was for the jury to say in whose possession the whiskey was at the time it was seized; a reasonable inference being that it was

in the possession of the appellant, the head of the household. The motion for a directed verdict was properly refused by the Court.

As to the second question: The indictment contained five counts, two of which, the first and the fourth, were stricken from the indictment upon the call of the case for trial. The second count charged the defendant with storing whiskey; the fifth, with storing whiskey in his dwelling house; and the third, with having whiskey in his possession. Defendant's counsel moved the Court to require the State to elect on which of these three counts it would proceed. The Court overruled the motion, holding that the State might proceed on all three. It is only necessary to refer to the cases of *State v. Beckroge,* 49 S. C., 484; 27 S. E., 658, and *State v. Woodard,* 38 S. C., 353; 17 S. E., 135. to show that the trial Judge committed no error in overruling the defendant's motion.

As to the third question: When the case was called, at 11:30 o'clock on the morning of the day of trial, counsel for the defendant moved for a continuance on the ground that the defendant's witnesses were not present, stating that there had been some negotiations looking to the disposal of the matter without trial. The Court thereupon gave the defense until 3 o'clock in the afternoon to get ready for trial, counsel stating that he would be ready at that hour. When the case was called at 3 o'clock, defendant's counsel announced that his client had not yet arrived. whereupon the Court extended the time for trial to 3:30. Counsel then submitted the affidavit of W. M. Stokes in support of his motion for a continuance. The Court, in overruling the motion, made these remarks:

"In order that the record may appear to be complete, I ask the stenographer to note that this case has been on the docket four terms; that at the spring and fall term the record shows that it was continued by the defendant. The case was called between 11 and 12 o'clock today, and motion

was made for a continuance on the ground of the absence of witnesses. The Court granted a continuance until 3 o'clock, and counsel representing the. defendant said he would be ready at that time. No word has been received from the defendant since that time, although he was in Court at the time this morning, and left to procure his witnesses by 3 o'clock. He was not here at 3 o'clock, and the Court granted indulgence until 3:30 o'clock."

We do not think that these remarks of the Court can be construed as a criticism of appellant's course in trying to secure a continuance. On the contrary, they were made, as stated by the trial Judge, for the purpose of making the record complete. In denying appellant's motion, the Court merely brought to the attention of counsel that, in the matter of continuances, the record showed that defendant had no ground for complaint, and that the Court, upon counsel's motion, had granted appellant every reasonable concession and indulgence, consistent with fairness to the State, to secure his witnesses. The appellant's objection is without merit.

As to the fourth question: During the trial of the case, the Court, after some discussion by counsel, ruled that the search warrant which the officers had used in making the search of appellant's premises was insufficient, as it did not give the source of affiant's information as required by Section 857 of the Criminal Code, whereupon the Solicitor, Mr. Hough, stated that he did not know whether to pursue the case any further. The following then took place:

"The Court: Yes, sir; you can go ahead and let me rule when the time comes. The evidence you offered, the fact that the search warrant is invalid, does not render the evidence obtained under it inadmissible. That is the law according to my view of it.

"Mr. Hough: That was the point I tried to make a while ago.

"The Court: That is my view."

It cannot be seriously contended that this was error. The Court only intended by these remarks to make clear that its holding the search warrant invalid would not prevent the prosecution of the case, as the evidence obtained thereunder was admissible. Under the circumstances, the remarks were proper as clarifying the situation, and the defendant has no reason to complain.

As to the fifth question: The State undertook to show by its witness, Segars, that search of the appellant's dwelling house had been made by the officers, and for that purpose a search warrant had been obtained and used by them. The defense objected to the admission of the search warrant on several grounds, among others, that the warrant had been sworn out by the witness himself and could not be executed by him under the statute, and that no statement was made therein giving affiant's source of information. The Court, in sustaining the objection, said:

"It seems to me that the law is so framed that it gives a man who conceals liquor every advantage in the world to keep it concealed. Even if an officer of the law goes there and is shot down by a Negro blind tiger, and they find anything wrong with the warrant, they will turn him loose, like in Marlboro, where Tom DuPre killed a man who searched his house. Because of some irregularity in the search warrant, Tom DuPre was turned loose by the Court. It is a dangerous thing to fool with, and that is the reason I caution the officers and the magistrates and all. The law is very plain in reference to it."

When considered with the matter then being passed upon by the Court, it cannot be held that these remarks were prejudicial to the appellant. They were made in connection with the Court's ruling that the search warrant under which the officers made the search in the present case was invalid, and merely served to call attention to the strict

requirements of the law in the matter of the issuance of search warrants and to the necessity of full compliance therewith, and to direct attention of the officers to the danger of making a search under an invalid warrant.

As to the sixth question: The appellant contends that the admission of certain evidence over his objection was prejudicial, and deprived him of a fair and impartial trial. Some of this testimony was objected to on the ground that it was hearsay; other of it on the ground that it had to do with the charge of transporting intoxicating liquors, a count in the indictment upon which the defendant was not being tried.

One of the State's witnesses testified that upon his arrival at the defendant's home, he went to the back of the house and inquired if Harrell was there. This was objected to by the defense on the ground that, if Harrell was not present, any statement as to his whereabouts would be hearsay. The Court allowed the witness to answer the question, and he stated that "the lady in the house said he was not there." It cannot be said that the admission of this testimony, even if erroneous, was harmful to the defendant.

With respect to the admission of the testimony objected to by the appellant as relating to the charge of transportation: The State's witness, McIntosh, when on the stand, testified that the officers went down to the edge of the swamp and hid themselves where they could see appellant's dwelling house; that while there they saw two cars stop at the house; that something was brought out of the house by somebody to the cars, but that they were not close enough to see what was brought or who brought it. The Court overruled appellant's objection and refused to strike out this testimony. We do not think that the testimony admitted was prejudicial to the appellant. It merely served, in effect, to detail, as a part of a connected story,

certain acts of the officers and what happened in their sight at appellant's house, leading up to a search of the premises.

As to the seventh question: By his fourteenth exception, the appellant contends that:

"His Honor abused his discretion in the sentence imposed, and thereby committed reversible error; said sentence being unjust, unreasonable, and excessive, and in violation of the Constitution (Article 1, § 19)."

The sentence pronounced by Judge Dennis upon the defendant was within the limits prescribed by law, and no abuse of discretion is shown. See *State v. Johnson,* 119 S. C., 55; 110 S. E., 460. *State v. Bowman,* 137 S. C., 364; 135 S. E., 360. *State v. Rickenbacker,* 138 S. C., 24; 135 S. E., 651.

All exceptions are overruled, and the judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE, and CARTER concur.