17063

THE STATE, Respondent, v. EARL FLEMING and DORIS
FLEMING, Appellants

(89 S. E. (2d) 104)

*Clement L. McEachern, Esq.,* of Greenville, *for Appellants,*

*James R. Mann, Esq., Solicitor,* of Greenville, *for Respondent,*

September 12, 1955.

TAYLOR, Justice.

Earl Fleming, Doris Fleming, and William Massey were indicted for highway robbery and larceny at the September, 1951, Term of General Sessions Court for Greenville County. On August 30, 1951, William Massey, having waived presentment of a true bill by the grand jury, plead guilty in the Greenville County Court and was sentenced to serve 18 months. The defendants, Earl Fleming and Doris Fleming, Appellants here, were tried in the Court of General Sessions for Greenville County on September 7, 1951, and found guilty of the charge of highway robbery and sentenced to serve 10 years. Notice of intention to appeal was duly served, but for some reason, not apparent in the record, the case did not reach this Court for hearing until the May, 1955, Term. This appeal does not comply with the rules of this Court in many respects; but under the peculiar facts of this case, we will, as a matter of grace, pass upon such questions as in our view are presented.

The first question, as stated by appellants, is as follows: "Is the confession of one convicted of a crime in itself sufficient to implicate and convict other accomplices according to the convict's testimony or does the state have to prove beyond a reasonable doubt the accomplices did commit the crime exclusive of a convict's testimony?"

A review of the record discloses that the State did not rely upon a confession for conviction. Appellants' co-defendant, Massey, who had previously plead guilty, testified for

the State to the effect that the robbery was actually committed by himself and Doris Fleming while Appellant, Earl Fleming, drove the car; and he goes fully into the details recounting their meeting at the carnival, the type of car used, naming persons and places, and at what time, all of which stood up under a searching cross-examination. Massey had previously made a written confession, but it was not used by the State; and it became a part of the record at the request of appellants themselves.

There is testimony by other witnesses to the effect that Earl Fleming led the officers to the secluded spot in Pickens County where they recovered the cash box together with the inner compartment and lock which had been secreted in a water hole more than waist deep. Some considerable time thereafter, he produced the checks which were in the cash box at the time of the robbery, giving as his explanation that he had found them under some plum bushes at the carnival site and that all of this information had been given him by the State's witness, Massey, over the telephone from Washington, D. C. He admitted being in the Cadillac car at the carnival on the afternoon preceding the robbery with Massey and the others but denied taking any part in the robbery which occurred in the City of Greenville in the garage of Mr. and Mrs. Burke Jones at 230 Randall Street at approximately 8:00 p. m. on the 21st day of April, 1951. Both men wore masks, and Mr. and Mrs. Jones were unable to make positive identifications.

There is an abundance of evidence to corroborate the testimony offered by the State, and appellants were in nowise denied the full protection of the Constitutional guaranty of confrontation of witnesses. *State v. Hester,* 137 S. C. 145, 134 S. E. 885; *State v. Coggins,* 210 S. C. 242, 42 S. E. (2d) 240; however, a conviction may rest upon the testimony of an accomplice alone, if such be sufficient, without corroboration. *State v. Johnson,* 119 S. C. 55, 110 S. E. 460; *State v. Kennedy,* 85 S. C. 146, 67 S. E.

152; *State v. Weldon,* 89 S. C. 308, 71 S. E. 828; *State v. Williams,* 166 S. C. 63, 164 S. E. 415.

This question must, therefore, be resolved against the contention of appellants.

The next question listed is:

■ "Where the accused is not identified by the complaining witness or any other witness, except by a confession of a convict, as a matter of law should the court instruct the jury as to the identity of the accused separate and apart from the confession?"

Mrs. Jones testified that Mr. Jones had returned from the hospital the afternoon of the robbery and was in their living quarters which were partially over the garage at the time; that when she drove into the garage, two masked men presented themselves stating that it was a "stick up," took the cash box containing the money which she had brought from the store, ran down the driveway, and succeeded in escaping after Mr. Jones, who had become aroused by the noise, fired three shots at them without effect. Both men wore masks and neither she nor Mr. Jones were able to identify appellants as the assailants; and it is to this failure of identification and the charge relative thereto that appellants apparently refer. Both appellants relied upon the defense of alibi and attempted to show that they were elsewhere at the time of the robbery.

The following excerpts from the charge reveal that it adequately covered the applicable law with respect to this question:

" * * * Indeed, the word Alibi means elsewhere. But this is not an affirmative defense and the defendant does not have the burden of proving it. On the contrary, the burden is upon the State to prove beyond a reasonable doubt that the defendant or defendants were present at the scene of the alleged crime and that they actually committed it. The State must show the presence of the defendants beyond a reasonable doubt and if on all of the evidence in the case the jury

has a reasonable doubt that the defendants were present in person at the place and at the time in question, then they must resolve this doubt in favor of the defendants and acquit them.

\* \* \*

"Now, the defendant has also requested me to charge you that a witness who is uncertain as to either observation or recollection of a fact concerning which he is asked to testify may qualify such testimony by the use of phrases which express less than positive degree of assurance. This, however, does not relieve the State of the burden of proving one charged with the commission of a crime guilty beyond a reasonable doubt before a conviction can be sustained. Some of the most tragic miscarriages of justice have been due to error in identification. It is better that many guilty should escape than that one innocent suffer. \* \* \*"

It is further noted that at the conclusion of the charge, the Court inquired if there was any further request from counsel and both replied in the negative.

Therefore, this question must be resolved against appellants' contention. *State v. Cox,* 221 S. C. 1, 68 S. E. (2d) 624.

The third question, as stated by appellants, is:

"When a confessor pleads guilty and gets only 18 months sentence and implicates others in his confession and the persons implicated are convicted and the trial Judge sentences them to 10 years, making a difference of 8½ years, is it not out of reason, when the confessor had a record which warranted a maximum sentence?"

In this question, appellants complain of the sentence in that their accomplice received a sentence of 18 months while they received a sentence of 10 years. This Court has no jurisdiction on appeal to correct a sentence alleged to be excessive when it is within the limits prescribed by law in the discretion of the trial Judge and is not the result of partiality, prejudice, oppressive or corrupt motive. The exer-

cise of a sound judicial discretion must and should be performed in every case with a conscientious regard as to what is just and proper under the circumstances.

It is only in rare and unusual circumstances that this Court will interfere with the discretion of the trial Judge in the imposition of a sentence. He presumably took into consideration Appellants' records and such further information as was available to him together with the nature of the crime for which they were being sentenced in arriving at his sentence, which was within the limits prescribed; and this Court will not interfere. *State v. King,* 222 S. C. 108, 71 S. E. (2d) 793.

The last question, as stated is:

"Can a person obtain a fair and impartial trial for robbery when he is under a murder indictment which was later *nol prossed* for lack of evidence?"

It is sufficient to say that there was no motion made for a change of venue, continuance, mistrial, or of any nature by reason of the pending murder charge.

We are, therefore, of the opinion that all questions must be resolved against contention of appellants and the judgment and sentence of the Court affirmed, and it is so ordered.

Affirmed.

BAKER, C. J., and STUKES, OXNER and LEGGE, JJ., concur.