[No. 2105.]

SAMUEL LEVINE *v.* THE STATE.

BURGLARY—CHARGE OF THE COURT should respond to the case as made by the indictment and the evidence. The indictment in this case charged a burglary by breaking into and entering the house by force, threats and fraud. The evidence disclosed an entrance by day through a window. The court charged the jury that a "burglary is constituted by entering a house by force, threats or fraud by night.  *  *  *  The offense may be committed by entering the house during the day time and remaining concealed therein until night.  *  *  *  It (the force) may be by lifting the latch of a door that is shut, or by raising a window, the entry at a chimney, or other unusual place; the introduction of the hand or any instrument to draw out the property through an aperture made by the offender for the purpose." *Held,* that these instructions were erroneous

because unwarranted by any evidence in the case, and having been opportunely excepted to, the code expressly necessitates a reversal of the conviction.

APPEAL from the District Court of Jefferson. Tried below before the Hon. W. H. Ford.

The conviction in this case was for the burglary of the house of B. F. McDonough, in Jefferson county, Texas, on the fifteenth day of September, 1886. The penalty assessed against the appellant was a term of two years in the penitentiary.

The testimony established the fact that the defendant entered McDonough's house through a window, about eight o'clock in the morning, and was arrested while in the house. The witness by whom this fact was established (the only witness in the case except the officer to whom the defendant was delivered after his arrest) did not see the defendant raise the window, but he knew as a fact that the window was down when he last saw it, a short time before he arrested defendant in the house. B. F. McDonough's non consent to the entry was admitted.

The motion for new trial raised the question discussed in the opinion.

*H. W. Greer* and *H. J. Huck, Jr.*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

HURT, JUDGE. This is an appeal from a judgment of conviction for the offense of burglary. The indictment alleges that the appellant, "by force, threats and fraud, did break and enter" the house. The entry, according to the record, was made in the day time, through a window.

The court instructed the jury that "the offense of burglary is constituted by entering a house by force, threats or fraud, by night." In this case there was no evidence of the employment of threats or fraud, or that the entry was effected in the night time. The court also charged that the offense might be completed "by entering a house during the day time and remaining concealed therein until night." There was no evidence of an entry by day, and a remaining until night.

In treating of the character of force necessary to constitute a

breaking, the court charged: "It may be by lifting the latch of a door that is shut, or by raising a window; the entry at a chimney or other unusual place; the introduction of a hand or any instrument to draw out the property through an aperture made by the offender for that purpose."

There was no latch, door or chimney; no introducing of a hand or other instrument, testified to in the record. If the appellant was guilty of a burglarious entry, it was by reason of the fact that, with intent to steal, he entered through a window in the day time. This was the case made by the evidence, and to it the charge should have been restricted. (Art. 594, Code Crim. Proc.; Shultz v. The State, 5 Texas Ct. App., 390.)

The appellant having duly excepted to the charge, upon the grounds noticed, the error of the court is such as must work a reversal of the judgment. (Art. 602, Code Crim. Proc.; 9 Texas Ct. App., 110; 10 Texas Ct. App., 539; 12 Id., 429; 13 Id., 33 and 41; 14 Id., 485 and 534; 16 Id., 411; 17 Id., 188; 19 Id., 166; Paulin v. The State, 21 Texas Ct. App., 436.)

The judgment is reversed and the cause remanded.

*Reversed and remanded.*