## COMMODORE MILLER v. THE STATE.

*No. 2869.    Decided March 12.*

1. **Burglary.**—Indictment for burglary charges an entry by *force, threats,* and *fraud;* and notwithstanding the proof shows the entry to have been effected by force alone, the court instructed the jury as to an entry effected by each of the means alleged in the indictment. This charge was excepted to, and is *held* error.

2. **Same.**—The indictment charges a burglary with intent to commit theft, whereas the proof tends to show the specific intent to have been to commit robbery—a totally different offense. Under this proof the court should have instructed the jury to acquit the accused unless they should find he entered the house with the specific intent alleged in the indictment—to commit theft. Skipworth and Boles v. The State, 8 Texas Court of Appeals, 135, does not apply, as when that case was decided the penalty for robbery and felony theft was the same.

3. **Same—Cross-Examination.**—It is ordinarily competent for the defense, on cross-examination, to ask a State's witness any question which tends to affect the credibility of the witness.

APPEAL from one of the District Courts of Dallas. Tried below before Hon. R. E. Burke.

The conviction was for burglary, and the penalty assessed was a term of eight years in the penitentiary.

*R. B. Seay,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WILLSON, JUDGE.—While the indictment charges a burglary by means of force, threats, and fraud, the evidence shows conclusively that the means used was force alone. There is not a particle of evidence that threats and fraud, or either, were used in accomplishing the crime. Notwithstanding such is the case as made by the evidence, the trial judge instructed the jury as to a burglary committed not only by force but by threats and fraud. This was error, and having been promptly excepted to by the defendant, requires a reversal of the judgment of conviction. Levine v. The State, 22 Texas Ct. App., 683; Lott v. The State, 17 Texas Ct. App., 598; Serio v. The State, 22 Texas Ct. App., 633.

In this case the indictment charges that the *intent* with which defendant entered the house was to commit *theft*. The evidence tends strongly to show that the specific crime intended to be committed was *robbery*. Theft and robbery are different offenses. They differ in essential elements, and also in the punishments prescribed. Penal Code, arts. 722, 724; Harris v. The State, 17 Texas Ct. App., 132; Gage v. The State, 22 Texas Ct. App., 126; Loza v. The State, 1 Texas Ct. App., 494. When the case of Skipworth and Boles v. The State, 8 Texas Court of Appeals, 135, was decided, the punishments prescribed for theft, when a felony, and robbery were the same, and hence we do not consider that decision as applicable in this case. In view of the evidence the court should have instructed the jury that the entry into the house must have been made with the specific intent charged in the indictment—that is, with the intent to commit theft—and that if the evidence did not show such specific intent they must acquit the defendant. Defendant excepted to the charge because it did not contain such instruction, and the exception must be sustained. Coleman v. The State, 26 Texas Ct. App., 252; Turner v. The State, 24 Texas Ct. App., 12; Hamilton v. The State, 11 Texas Ct. App., 116.

Defendant's bill of exception to the refusal of the court to permit the witnesses Ellicott and Miller to answer certain questions propounded to them by defendant's counsel is defective, in that it fails to show the testimony that he expected to elicit by said questions. In view of another trial, however, we will say that we can see no valid objection to the questions propounded, they having been propounded on cross-examination, and manifestly for the purpose of affecting the credibility of said witnesses. Ordinarily any question which may tend to affect the credit of a witness is allowable on cross-examination. Willson's Crim. Stats., sec. 2511.

As the case will be remanded for another trial, we will not comment upon or express any opinion as to the sufficiency of the evidence.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Hurt, J., absent.