CHARLES FITE V. THE STATE.

No. 21026. Delivered April 10, 1940.
Rehearing Granted May 29, 1940.

The opinion states the case.

*W. Ray Scruggs,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is rape. The punishment assessed is confinement in the State penitentiary for a period of twenty-five years.

The State's testimony, briefly stated, shows that about 4:30 p. m. of May 14, 1939, the prosecutrix, Isabell Garcia, accompanied by two other Mexican girls, started to walk to Mason Park located in the suburbs of the City of Houston. About the time that they arrived near the park they noticed

that appellant was following them with a large knife in his hand. The girls became frightened and ran toward Seventy-fifth Street, calling for help. Appellant pursued them, overtook prosecutrix, knocked her down and commanded her to pull up her dress, remove her underwear and inserted his privates into her privates. That he threatened to cut her head off with the large knife which he held against her throat if she refused to comply with his command. The companions of the prosecutrix, being more fleet-footed than prosecutrix, ran away and reported the occurrence to a lady who came along the street in an automobile. This lady immediately telephoned to the police station. In a very short time two policeman appeared, took prosecutrix to the police station and later took her to a physician for examination, who testified that from his examination of her he concluded that she had engaged in an act of sexual intercourse about a day or two prior thereto because he found dead germs. However, there was some evidence that some men are sterile and emit dead germs while in the act of intercourse. Appellant did not testify. However, he proved an alibi by his wife and some friends.

From the foregoing brief statement of the salient and pertinent facts proven, it will be noted that an issue of fact was raised which the jury decided adversely to him. Therefore, the trial court did not err in declining to submit to the jury appellant's requested peremptory instruction.

Appellant complains of the court's action in overruling his second application for a continuance based on the absence of Dr. Mintz, who examined the prosecutrix within an hour or two after the commission of the offense. It appears from the record that the witness testified fully at the habeas corpus trial at the behest of appellant but had since then moved to Chicago, Illinois. However, appellant reproduced the testimony of the witness given at the habeas corpus proceeding. Consequently no reversible error is shown.

By Bill of Exception No. 1 appellant complains because the court would not permit him to prove by the court reporter that prosecutrix testified at the habeas corpus hearing that defendant told her to take them off (referring to her pants). He asked him if she had not stated that she took them off and the reason she took them off was that she would tear them if she did not take them off. Appellant asserts that he offered this testimony for the impeachment of the prosecutrix and also as original evidence tending to contradict the State's

theory of the case that the prosecutrix was raped. This bill is deficient in that it fails to state that the testimony of the prosecutrix was materially different from that which she gave at the habeas corpus hearing. A bill of exception, to be sufficient, must bring forward the surrounding facts so as to enable this court to determine from the contents of the bill that an error was committed. See Hicks v. State, 249 S. W. 844; Gonce v. State, 112 Tex. Cr. R. 191; Williamson v. State, 99 S. W. (2d) 606, and authorities there cited. This bill only sets out the testimony given by the witness on the habeas corpus hearing and asserts it was offered to impeach the witness without any showing that there was any discrepency in her testimony given on the trial and that given by her upon the habeas corpus hearing.

Bills of Exception Nos. 2 and 4 show that appellant offered to prove by one Romo that the general reputation of the prosecutrix for chastity was bad. The State objected thereto on the ground that it was irrelevant and immaterial. The objection was sustained and appellant excepted. He contends that this testimony was admissible; first, as an attack upon the corpus delicti; second, that if she had intercourse with any one on the occasion in question, it was with her consent; and third, as affecting her credibility as a witness.

The court qualified the bills and in his qualification states that appellant, on cross-examination, asked prosecutrix if she was not a common prostitute, to which she replied in the negative. Had the question of consent been raised, then the proffered testimony may have been admissible, but in our opinion, the issue was not raised. The testimony given by all of appellant's witnesses related to an alibi. Just how this testimony was an attack upon the corpus delicti is not made clear to us. If it be conceded that she was a prostitute, this would not tend to show that she did not have sexual intercourse with a male person at the time and place in question, nor could appellant discredit her in that manner. If he sought to attack her credibility, he should have pursued the proper legal method. Had appellant admitted the act of sexual intercourse and raised the issue of consent, then the testimony would have been admissible as tending to sustain his theory, but such is not the case here. See Ross v. State, 60 Tex. Cr. R. 554 and 555.

Bill of Exception No. 3 is qualified by the court and as thus qualified it fails to reflect reversible error.

By Bill of Exception No. 5 appellant complains because the

court, after the jury had retired to consider their verdict, declined to send to the jury room a photograph of one, William Alvin Adkins, which Dorothy Ewing, one of the State's witnesses, said resembled the man whom she saw near the scene of the alleged offense but of which she was not sure. That at no time did she say that the man she saw near the scene of the commission of the offense was the person whose picture was exhibited to her for inspection. She was positive, however, that the defendant, whom she pointed out in the court room, was the man whom she saw near the scene of the offense at the time in question, as stated by the court in his qualification of the bill. The only exhibit which the jury carried with them, when they retired, was a map or drawing of the location of the place of the alleged offense, and the various streets leading to Mason Park. The court, however, told appellant if the jury should call for the photograph, he would send it to them. If it should be conceded that the court should have complied with appellant's request and sent the photograph to the jury, we think the action of the court in this case was harmless error inasmuch as the photograph was offered in evidence, passed to the jury for inspection with the opportunity of observing appellant and comparing his appearance with that of the photograph. Just what useful purpose it might have served or what injury, if any, resulted to appellant from the court's action is not made to appear from the record.

Bill of Exception No. 7 complains in substance of the ruling of the court relating to the same testimony as in bills Nos. 2 and 4. What we have said in disposing of these two bills applies with equal force to this bill. The bill is also qualified by the court and no exception taken to the qualification. Hence, appellant is bound thereby.

Appellant addressed a great number of objections to the court's charge and requested thirteen special charges, which the court declined to give. His main objection to the court's charge is that the court failed to instruct the jury on an assault with an intent to commit rape or an aggravated assault. If the evidence had raised the issue, no matter from what source it came, the court should have given an adequate instruction on the law relative thereto, but we confess that we do not find any evidence in the record which raises that issue. If appellant was not at the place at the time of the commission of the offense, he could not any more be guilty of an assault than he was of rape.

Appellant complains because the court declined to submit to the jury his requested instruction on the law relative to the necessary force and her resistance thereto. These special charges are all drawn upon the theory of physical force alone and the necessary physical resistance on the part of the female under such circumstances. This rule has no application to the facts of this case. Here the physical force employed was not so great that she might not have overcome the same by strenuous resistance, but force alone was not the only means resorted to by appellant to accomplish his purpose. He combined force with serious threats to take the life of the prosecutrix with a large knife by cutting her head off if she resisted. He thus dominated her will power to resist. By this means he overcame her power of resistance. Consequently the same utmost physical exertion on her part to prevent sexual intercourse would not be required or expected of her by the law. Appellant cites a number of cases as supporting his contention. We are in accord with the doctrine therein expressed but they have no application to the facts of this particular case.

Appellant next contends that while the court, in his charge, instructed the jury relative to an alibi, he should have, in addition thereto, submitted appellant's requested instruction on mistaken identity. If the issue was raised by the evidence, then he was entitled to such an instruction, but we fail to find sufficient proof in the record to require the submission of such an instruction. The testimony which appellant contends raises the issue came into the case in this manner: Dorothy Ewing, one of the two American girls who sat on the ground near the road when the three Mexican girls passed them and who were followed by a man, was shown a photograph and asked if that was the man. She replied that the picture resembled him but she wasn't sure, but it looked like him. However; she positively identified appellant. There is not any testimony in the record that the picture did not resemble appellant, nor that the man whose picture was exhibited to her was anywhere near the scene of the commission of the offense. So far as this record discloses, he might have been in confinement or in some other country. The fact that two of appellant's witnesses testified that while returning from a hunt they saw a man at or near Seventy-fifth Street about 4:30 p. m., who wore a light suit, light felt hat and appeared to be under the influence of intoxicating liquor, would not, in our opinion, be sufficient to raise the issue, because there is not any testi-

mony that appellant was under the influence of intoxicating liquor. Hence, the description is not such as would fit appellant so as to raise a legal presumption that he might have been the culprit who committed the offense.

All other matters urged by appellant as constituting reversible error have been carefully considered by us and deemed to be without merit.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Apellant has filed a lengthy motion for a rehearing herein, and lays down seven propositions as convincing to him at least why we were in error in our original opinion.

The first proposition now presented to us is relative to the trial court's charge in which he defined "rape, as applied to this case, and as used in this charge, is the carnal knowledge of a woman, other than the wife of the person having such carnal knowledge, without her consent, obtained by force, threats or fraud."

It is asserted that the trial court erred in submitting to the jury the issue of fraud, there being no testimony of any kind suggesting such issue.

It is contended that the word "fraud" as used herein is of a restricted meaning, and does not include any and every fraudulent device that could have been practiced upon the person of a woman in order to obtain her consent to a carnal act. That because of its restricted meaning, and also because of the fact that the testimony fails to evidence any fraud of any kind, the trial court was in error in thus defining "rape as applied to this case," being the carnal knowledge of a female by means of force, threats or fraud. The fraud contemplated by the statute is defined in Article 1186, Penal Code, and consists of the exercise of some stratagem, or the administration of some drug-like substance, etc.

That the mere statement just above quoted as a portion of the trial court's charge, standing alone, is not error, we may understand, from the reasoning in the Salazar case, 116

S. W. 819. We may also infer, however, from such case that, an absence of fraud being shown in the testimony, it is the duty of the court to not charge thereon, nor to include the same in such charging part to the jury. This the trial court failed to do. We find in his charge to the jury the following: "Therefore, you are instructed that if you believe from the evidence, beyond a reasonable doubt, that the defendant did, as charged in the indictment, on or about the 14th day of May A. D. 1939, in the County of Harris, and State of Texas, make an assault in and upon the said Isabell Garcia, a woman not then and there the wife of the defendant, and did then and there by force, threats and fraud, ravish and have carnal knowledge of her, the said Isabel Garcia, without her consent and against her will, you will find the defendant guilty as charged and assess his punishment at death or confinement in the penitentiary for life, or for any term of years not less than five."

Appellant strenuously insists that such charge was an error of serious import, and cites us to the early case of Miller v. State, 13 S. W. 646, which holds as follows: "While the indictment charges a burglary by means of force, threats, and fraud, the evidence shows conclusively that the means used was force alone. There is not a particle of evidence that threats and fraud, or either, were used in accomplishing the crime. Notwithstanding such is the case as made by the evidence, the trial judge instructed the jury as to a burglary committed not only by force, but by threats and fraud. This was error, and, having been promptly excepted to by the defendant, requires a reversal of the judgment of conviction. Levine v. State, 22 Tex. App. 683, 3 S. W. 660; Lott v. State, 17 Tex. App. 598; Serio v. State, 22 Tex. App. 633, 3 S. W. Rep. 784."

In the case of Price v. State, 194 S. W. 827, the accused was indicted for an assault with intent to murder. Upon the trial the court submitted assault to murder and aggravated assault. In defining aggravated assault the court said: "An assault becomes aggravated when committed with premeditated design and by the use of weapons calculated to inflict great bodily injury." Judge Morrow, in writing thereon, said: "Appellant insists that there was no evidence of premeditated design, and in this we think he is correct. So far as there is any evidence that appellant tried to shoot Gerald, it relates to what happened after appellant received the blow, and the circumstances negative the idea of premeditated design. The charge must be confined to the issue raised by the pleadings

and evidence (McMurtry v. State, 38 Tex. Cr. R. 521, 43 S. W. 1010; Parks v. State, 29 Tex. App. 597, 16 S. W. 532; Whitcomb v. State, 30 Tex. App. 269, 17 S. W. 258; Taylor v. State, 17 Tex. App. 46); and under this rule the use of the language quoted has frequently resulted in reversals (Kouns v. State, 3 Tex. App. 13; Anderson v. State, 16 Tex. App. 132; McGee v. State, 5 Tex. App. 492; Ferguson v. State, 4 Tex. App. 156). See, also, cases cited in Vernon's Ann. P. C. art. 1022, p. 575. In these cases the charge complained of has under similar circumstances been declared misleading and harmful"

In the case of Powell v. State, 131 S. W. 590, Powell was charged with robbery by assault and by putting the witness Hawkins in fear of life and bodily injury. The trial court copies the statute in his charge, setting forth both means of robbery charged in the indictment. The facts showed that only an assault was used in the perpetration of the robbery; that Hawkins was knocked down and his money taken from him by force. No testimony was given relative to the witness being in fear of life or bodily injury. Judge Davidson said in that case: "The court should have confined the consideration of the jury to the question of assault and violence, inasmuch as there was no testimony showing the old man was put in fear of his life. Upon another trial the charge of the court should be confined to the facts. It should be observed that charges of the court should only submit the law applicable to a state of fact that are pertinent to the allegations in the indictment. The jury is not authorized to convict on any state of facts not charged in the indictment, nor upon a state of facts not in evidence."

It is our opinion that in the application of the law to the instant facts herein the trial court should not have charged on rape by fraud, there being no evidence under which such a rape could have been predicated.

Appellant's second proposition contends because of the fact that the prosecutrix denied to some of her friends the day after the alleged rape that she was the party raped, that the trial court should have instructed the jury that although they believed that the offense of rape had been committed, nevertheless they should believe beyond a reasonable doubt that same was committed upon the person of Isabell Garcia, the prosecutrix. We find in the portion of the charge just above quoted that the trial court required the jury to find that such an offense was committed upon the person of Isabell Garcia. We think that such an instruction was sufficient, and do not think there was a confusion of identity to such an extent that the ques-

tion became a contested one before the jury. It is not every fanciful theory that might arise in biased minds that calls for an explicit instruction thereon, and we think that the above referred to instruction of the court was sufficient under the facts to charge that the rape, if any, must have been committed upon the person of Isabell Garcia and no other.

Appellant's third proposition is concerned with the court's refusal to charge the jury on the question relative to the identity of appellant as the person who committed the offense. There may be some facts in this case that called for such a charge, although we are not greatly impressed with their cogency. The suggestion is herein made, however, that in an excess of caution, in the event of another trial hereof, such a charge should be given. We do not think the charge on alibi fully covers the proposition that another person than the appellant committed the offense. In Briscoe v. State, 293 S. W. 573, we find a charge relative to identity that was upheld by this court. Also see Wheeler v. State, 121 S. W. 166.

As a fourth proposition appellant urges that the court should have submitted to the jury in its charge the issue of assault with intent to rape, as well as that of aggravated assault, and as a ground therefor he offers the testimony of the witness to whom it was alleged the prosecutrix said, on the day following this alleged occurrence, that the person raped was not her (prosecutrix) but some American girl, as well as many other claimed discrepancies in the testimony.

Appellant vigorously insists that we were in error in our holding in the original opinion wherein we held that this offense was either rape or nothing. We acknowledge that we are of the same opinion still. The prosecutrix testified that her female organ was penetrated by appellant's male organ, and we find no denial thereof in the record on the part of anyone. The circumstances set forth as contradictory of prosecutrix's testimony, if looked upon as destructive of her testimony, would operate to tear down the whole structure and say there was nothing done at the alleged scene of this attack; they would not say that appellant's male organ failed in an ultimate purpose of penetrating her body; they would not say that he indecently fondled her body, nor that he, an adult male, struck a female. These matters were but preliminary and incidental to a rape upon her body, and a penetration thereof, if true; if false, then the whole fabric of the State's case is destroyed, and the elements that went to make up the whole case fall.

Under the proven facts appellant is either guilty of rape or nothing, and under the doctrine of cases cited hereto these lesser offenses should not have been charged upon. See Dies v. State, 117 S. W. 979-981. It is to be noted that all of appellant's efforts herein were directed to making proof that he was not the person who committed this alleged rape; that he was at another and different place when same occurred; that another man committed this offense, if any, and that such offense never occurred. Never did he attempt to show that this woman's body was not penetrated, nor did he attempt to show any indecent fondling or striking; he only claimed that it did not happen, and that if it did happen, then he was not the guilty party. We do not think the evidence as here presented to us raised the question of a lesser offense. See Fowler v. State, 148 S. W. 576.

While we are not greatly impressed with the matter raised relative to the statement of prosecutrix made on the habeas corpus hearing relative to why she took off her pants at the time of the alleged rape, we think that in the event of a new trial such testimony, if contradictory of that given on the trial, would be admissible.

Appellant's sixth proposition relative to an attempt to show that prosecutrix bore the reputation of a prostitute was properly excluded, and was properly treated in our original opinion. A prostitute is capable of being the subject of rape, and unless consent vel non is made an issue, the matter of prosecutrix's chastity can not be inquired into. We note herein that the matter of prosecutrix's consent to the act was not in any way advanced by the proof herein. We quote from 35 Tex. Jur., p. 840, Sec. 53: "Where the consent of the prosecutrix is an issue in the case, her general reputation for unchastity may be shown, for such evidence has a tendency to weaken the State's claim of non-consent, or, as has been said, such evidence is admissible for the purpose of raising the presumption that the prosecutrix yielded her consent, and was not in fact forced. 'And this presumption, it is said, will be stronger or weaker according to the degree of prostitution or degradation established by the evidence.' But where consent is not an issue, evidence bearing on the prosecutrix's reputation for unchastity is not admissible."

The proposition relative to the picture of one Adkins not being sent into the jury room as an exhibit is the basis of appellant's seventh proposition. It will be noticed from the

testimony of the little girl who was shown this picture of a man supposedly a stranger to this offense, that she said: "From the picture you show me, I think this picture (evidently of Adkins) resembles the man I saw there. * * * I say this picture resembles him, I wouldn't be sure, it looks like him." We find naught in the record to show that her statement was not true, or that such picture did not resemble the appellant. She did testify, however, positively that appellant was the man that she saw at the scene of the alleged rape. The court qualifies this bill No. 5 by saying that he would send the picture out to the jury in their room, if they called for same, but they had all seen it when it was introduced.

We see no error herein evidenced. If the court sent all exhibits introduced in many cases to the jury room, this matter might have some importance, but no serious error could evidence itself by a failure to send the exhibit to a jury room with the jury, especially when not requested so to do by the jury. They saw the picture and examined same when introduced, and a further examination does not seem to us to be necessary unless demanded by them.

For the error relative to the charge on a rape by fraud, the motion for a rehearing is granted, the judgment of affirmance is set aside, and the judgment is now reversed and the cause remanded.