GODIE WHEELER v. THE STATE.

No. 4038. Decided June 23, 1909.

**1.—Murder—Imputing Crime to Another—Charge of Court.**

Where upon trial for murder the evidence was entirely circumstantial and defendant claimed an alibi and imputed the crime to another, and the evidence raised these issues the court should have pertinently and affirmatively submitted to the jury the issue that if other parties or another party committed the homicide, or if there was reasonable doubt of this, the jury should acquit the defendant. Following Kirby v. State, 49 Texas Crim. Rep., 517, and other cases.

**2.—Same—Charge of Court—Murder in the Second Degree—Deadly Weapon.**

Upon trial for murder where the evidence showed that the weapons used were a shotgun and a sixshooter which were used with deadly effect, there was no necessity in the court's charge to define a deadly weapon.

**3.—Same—Charge of Court—Malice—Murder in Second Degree.**

Where upon trial for murder the evidence excluded adequate cause, manslaughter and self-defense, the offense could not be of a lower character than murder in the second degree, and the charge of the court which instructed the jury to find defendant guilty if he killed deceased in a transport of passion aroused without adequate cause with the intent to kill was sufficient without charging implied malice; although in a general sense the charge was incorrect; under the facts it was harmless error.

Appeal from the District Court of Grimes. Tried below before the Hon. S. W. Dean.

Appeal from a conviction of murder in the second degree; penalty, twenty years imprisonment in the penitentiary.

The opinion states the case.

*Geo. D. Neal, Carl T. Harper* and *W. W. Meachum,* for appellant. —On question of charge of court on murder in the second degree: P. C., arts. 710 (605), 711 (606); Bennett v. State, 39 Texas Crim. Rep., 639-654; Kannemacher v. State, 51 Texas Crim. Rep., 118; Boyd v. State, 28 Texas Crim. App., 137; Ballow v. State, 42 Texas Crim. Rep., 263; Gardner v. State, 40 Texas Crim. Rep., 19-23; Armstrong v. State, 33 Texas Crim. Rep., 417-424; Evans v. State, 6 Texas Crim. App., 513-524.

On question of deadly weapon: Kannamacher v. State, 51 Texas Crim. Rep., 118; Bennett v. State, 39 Texas Crim. Rep., 639; Davis v. State, 28 Texas Crim. App., 542.

*F. J. McCord,* Assistant Attorney General, for the State.—On question of deadly weapon: Flournoy v. State, 16 Texas, 31; Gallaher v. State, 28 Texas Crim. App., 247; Logan v. State, 53 S. W. Rep., 694.

DAVIDSON, Presiding Judge.—Appellant was convicted of murder in the second degree and given twenty years in the penitentiary.

The facts, in substance, disclose that bad feelings and animosities existed between deceased and appellant, somewhat critical in nature. On the night of the homicide both parties attended a revival meeting in the neighborhood. After the services deceased escorted a young lady to her home and was returning to his father's residence. Upon reaching a certain point he was shot to death. Appellant was arrested. On the trial, among other things, to meet the State's case appellant proved other parties in the neighborhood had motive and equal opportunity as himself to slay deceased. It is not the purpose of this opinion to go into a detailed statement of the testimony.

1. It is well settled in Texas, since the case of Dubose v. State, 10 Texas Crim. App., 230, that a party accused of crime can meet this accusation by showing that another party or others committed the homicide. This case was one purely of circumstantial evidence. If appellant could show that another or other parties committed the homicide he was entitled to an acquittal, provided he did not assist them. Appellant introduced evidence showing his whereabouts, which, if true, established an alibi. Wherever the evidence raises an issue favorable to the accused he is entitled to have the law applicable to that issue charged pertinently and affirmatively to the jury. White's C. C. P., sec. 801b, 801, sub. 2, 3, sec. 794. No authorities are necessary to sustain these propositions. Negatively presenting the defensive theories is not sufficient. Such has been the settled law in Texas from the beginning of our jurisprudence. The court charged upon

circumstantial evidence and alibi, but did not affirmatively instruct the jury that if other parties or another party, whose name is stated, committed the homicide or if there was a reasonable doubt of this, the jury should acquit appellant. Exception was reserved to the charge for this omission. The bill of exceptions recites this: "The court should have instructed the jury that if they should find from the evidence, or have a reasonable doubt as to whether Sam Thomas, the deceased, was killed by Robert Powledge, or any other person than the defendant, Godie Wheeler, they would find the defendant, Godie Wheeler, not guilty in this case." The court qualifies this bill by stating that he charged upon reasonable doubt, the defense of alibi, and upon circumstantial evidence, and limited the right of the State to a conviction to proving appellant's guilt by legal evidence beyond a reasonable doubt that the defendant killed the deceased unlawfully. An inspection of the record, as stated above, shows the court gave a charge on alibi, upon the law applicable to a case of circumstantial evidence, and gave reasonable doubt. We are of opinion that appellant's contention is correct, and that under the facts of the case this charge should have been given. Appellant may be guilty, or Powledge may be guilty, or others may be guilty, and it may be stated perhaps that under the circumstances the jury might be warranted in coming to a conclusion as well against one as the other. This, we think, would emphasize the fact that the court should have specially directed the jury to appellant's theory that he did not shoot the deceased, but others did. The charge upon alibi and that upon circumstantial evidence negatively, perhaps, present the issues. It has been, as before stated, the universal rule in Texas to hold that wherever a defensive matter is set up, and supported by facts, the accused is entitled to an affirmative charge on that defensive matter. The law is not satisfied with a negative presentation, and it has been held directly that where there is evidence that another or others may have committed the crime and not the accused, that the court must submit this issue to the jury. Kirby v. State, 49 Texas Crim. Rep., 517. For a discussion of the matter generally see Harrison v. State, 47 Texas Crim. Rep., 393, 83 S. W. Rep., 699; also Hart v. State, 15 Texas Crim. App., 262; McInturf v. State, 20 Texas Crim. App., 335; Leonard v. Washington Territory, 2 Wash. Ter., 381; same case, 7 Pac. Rep., 872; Kunde v. State, 22 Texas Crim. App., 65; Coffelt v. State, 19 Texas Crim. App., 436; Murphy v. State, 36 Texas Crim. Rep., 24; Sawyers v. State, 15 Lea, Tenn., 694.

2. Exception was reserved to the charge on murder in the second degree where it undertook to apply directly the law to the facts. The language used is as follows: "If you believe from the evidence, beyond a reasonable doubt, that the defendant, with deadly weapons, as same have hereinbefore been defined to you, in a sudden transport of passion, aroused without adequate cause, with the intent to

kill, did shoot and thereby kill Sam Thomas, as charged in the indictment, you will find him guilty of murder in the second degree," etc. It is urged that this charge is insufficient in that it fails to define deadly weapons, and, second, that it omits to instruct the jury that in order to convict of murder in the second degree the charge must inform them that the killing must be upon malice. In regard to the first proposition, that deadly weapons are not defined, we think in a preceding part of the charge deadly weapons are sufficiently defined, if it was necessary in this character of case to define them, wherein the court instructed the jury in regard to murder in the first degree, to wit: that if appellant selected and used the weapon or instrument reasonably sufficient to accomplish the death by the mode and manner of its use, etc. The weapons used to bring about this tragedy were a shotgun and sixshooter, supposed to be of 45-calibre. We are of opinion this character of weapon used with such deadly effect would hardly need defining, and that as a rule it is not necessary to define deadly weapons unless there is some question as to whether they were weapons of that character, taking into view various circumstances of the case and the manner of use. We are of opinion that this contention is not of sufficient import to require a reversal. In regard to the second contention made, we are of opinion that if there was any evidence or issue of self-defense in the case or any evidence tending to show it, that the contention of appellant would be serious and well taken. It will be noted that the court instructed the jury that if the killing was done with deadly weapons in a sudden transport of passion, aroused without adequate cause, with the intent to kill, and the killing occurred, it would be murder in the second degree. This is not the law, nor is it a correct statement, but under the circumstances we are of opinion that the error is not of sufficient moment to reverse. See Crow v. State, 37 Texas Crim. Rep., 295. Murder in the second degree is constituted by the absence of express malice upon one side and extenuating circumstances or self-defense or adequate cause upon the other. In this case the party who did the killing laid in wait for his victim and shot him to death. Adequate cause, manslaughter, and self-defense are, therefore, under these facts not in the case, and under the facts we do not see how the killing could possibly have been of lower culpability than murder of the second degree. Had this charge gone further and stated in connection with the expression "aroused without adequate cause" and not in defense of himself and not in self-defense, the charge would have been sufficient, even without using the expression "with malice" or "with malice aforethought" under the recent case of Puryear v. State, decided at the present term. Therefore, we are of opinion that this charge, while not correct, under the peculiar circumstances and facts of this case, is not sufficiently erroneous to require a reversal. But we would suggest that trial courts adhere to the well known definition of these terms in charging

the jury. These omissions serve no good purpose and complicate the appeal, when by taking sufficient time and adhering to the well settled rules in regard to charges on these questions, all such matters could be avoided.

For the error pointed out, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*