## MATTHEW BRISCOE V. THE STATE.

No. 10212.   Delivered June 2, 1926.

Rehearing denied April 20, 1927.

**1.—Rape—Grand Jury—Discrimination in Selecting—Not Established.**

Where, on a trial for rape, appellant being a negro, moved to quash the indictment on the ground that in the selection of the grand jury which returned same, there was intentional discrimination against the colored race. The motion was traversed by the state, and on the issue, the trial court heard evidence and properly overruled the motion to quash.

**2.—Same—Continued.**

The grand jury was drawn at a time before the arrest of appellant and the entire proceedings seem to have been regular in every way. To establish such discrimination it must be shown that there was an intentional refusal by the jury commissioners to put negroes on the jury. The mere fact that no negroes were drawn on the grand jury would not justify the conclusion that they were purposely excluded. Distinguishing Whitney v. State, 59 S. W. 595.

**3.—Same—Charge of Court—On Alibi—Held Correct.**

Where the court in his charge on alibi followed the exact language used in the case of Gallaher v. State, 28 Tex. Crim. App. 247, which has been approved by this court, no error is shown. See Branch's Ann. P. C., Sec. 51, for citation of analogous authorities; also McLeroy v. State, 97 Tex. Crim. Rep. 307.

**4.—Same—Failure to Make Outcry—Issue Not Presented.**

Where it was shown that officers were notified the same night of the assault, and that prosecutrix went with the officers the same night of the occurrence to the place of the attack upon her, and that the assault was accomplished by force, there was no issue in the case of consent, nor necessity for the court to charge on prosecutrix's failure to make an outcry. Distinguishing Ramsey v. State, 63 S. W. 875.

**5.—Same—Charge of Court—On Identification of Accused—Held Sufficient.**

Where the court gave appellant's requested charge to the effect that the burden was on the state to prove beyond a reasonable doubt the identity of the appellant as the party who committed the crime, this was sufficient. Distinguishing Clevenger v. State, 255 S. W. 622, and other cases cited.

ON REHEARING.

**6.—Same—Race Discrimination—Burden of Proof.**

On rehearing, appellant renews his claim of intentional discrimination in excluding from the grand jury persons of the negro race. We cannot agree with this contention. The burden was on appellant to show race discrimination in the selection of the grand jury, which he failed to meet, and his motion for rehearing is overruled. See Lewis v. State, 42 Tex. Crim. Rep. 278, and other cases cited in opinion on rehearing.

Appeal from the District Court of Bexar County. Tried below before the Hon. W. S. Anderson, Judge.

Appeal from a conviction of rape, penalty assessed at death.

The opinion states the case.

*O. B. Black* and *Henry Lee Taylor* of San Antonio, for appellant.

*C. M. Chambers,* District Attorney; *Carl Wright Johnson,* Assistant District Attorney, of Bexar County; *Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Bexar County of rape, punishment fixed at death.

Appellant moved to quash the indictment herein on the ground that in the selection of the grand jury which returned same there was intentional discrimination against the colored race, to which

he belonged. This motion was traversed by the state and on the issue the trial court heard evidence and overruled the motion to quash. His action is presented as error. Appellant produced as witnesses to support his contention the three jury commissioners who drew the grand jury in question. Each of these disclaimed any prejudice against negroes, and denied positively any purpose or intent to discriminate against negroes in the drawing of said grand jury, and swore that the matter was neither discussed among them nor thought of by any of them. They averred that the question as to whether a man thought by them to be qualified, was a negro or not, did not enter into the matter at all. They were instructed to get good men who were qualified for jury service, and that nothing in the instruction given them hinted or suggested the fact that negroes should not be drawn. The voting population of Bexar County was variously estimated at 43,000 up to 100,000, and the negro voting population at from 1,000 to 5,000. We are of opinion that the trial court correctly overruled appellant's motion. The commissioners were selected at the October term, 1925, to draw a grand jury for the November term of said year. The grand jury was drawn at a time before the arrest of the appellant, which did not take place until November 21 of said year. The entire proceedings seem to be regular in every way. No restrictions were put on appellant in the introduction of his testimony, or in the consideration of his motion. As we view the matter, he simply failed in his effort to support the allegations of said motion. The authorities cited by appellant refer to intentional refusals to put negroes on the jury. In Whitney v. State, 59 S. W. 895, we said: "There was sufficient evidence to show that, in the formation of the grand jury, negroes were intentionally excluded from the grand jury which found the bill of indictment." The mere fact that no negroes were drawn on the grand jury would not justify us in concluding that they were purposely excluded, and especially so when this issue was presented and appellant given full opportunity to make proof, which seems entirely wanting.

On alibi, we observe that the exact language of the charge herein given was approved in Gallaher v. State, 28 Tex. Crim. App. 247. See Branch's Ann. P. C., Sec. 51, for citation of analogous authorities; also McLeroy v. State, 97 Tex. Crim. Rep. 307.

On failure to make outcry—the testimony shows that the officers were notified the same night of the occurrence. Mr. Watkins, who was with prosecutrix when they were attacked

and the woman ravished, testified to the above fact, and also further that he carried prosecutrix that night to the Robert B. Green Hospital. She also testified that she went with the police that night out to the place where the assault was made. There was no issue in the case of consent. In Ramsey v. State, 63 S. W. 875, we said that the failure to make outcry appears to have been treated as a test of consent. Its usefulness for such purpose would be governed wholly by the facts of the particular case. Certainly there is no merit in an exception to the charge for not instructing the jury that there must be corroboration of the prosecutrix for failing to make outcry in a given case, when it appears that she and her escort both swore positively to the fact of the assault and that the ravishment was by force, and that the matter was promptly reported, and where no issue of consent is set up.

On identification of the accused—the court gave the usual charge that the jury must believe beyond a reasonable doubt that on a date named the accused committed the offense of rape upon prosecutrix. In addition, he gave a special charge asked by appellant, to the effect that the burden was on the state to prove beyond a reasonable doubt the identity of the defendant as the party who committed the crime, and that unless they so found beyond a reasonable doubt they should acquit. This was sufficient, and we find nothing in any of the authorities cited by appellant holding to the contrary. The cases of Clevenger v. State, 255 S. W. 622; Jones v. State, 257 S. W. 895; Garcia v. State, 273 S. W. 856, and Garcia v. State, 275 S. W. 1005, are not on the question of identity but each of them relate to other questions.

The testimony seems sufficient to support the finding of the jury. Both the woman and her companion identified appellant as one of three negroes who attacked them in the night and ravished prosecutrix.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant renews only his claim that there was intentional discrimination in excluding from the grand jury persons of the negro race, to which he belonged.

We have again reviewed all the evidence introduced by appellant on this issue and are confirmed in our view that the conclusion announced in our original opinion is correct. The bur-

den was on appellant to show race discrimination in the selection of the grand jury which returned the indictment. Lewis v. State, 42 Tex. Crim. Rep. 278, 59 S. W. 1116; Martin v. State, 44 Tex. Crim. Rep. 539, 72 S. W. 386; Thomas v. State, 49 Tex. Crim. Rep. 637, 95 S. W. 1069; Mitchell v. State, 105 Tex. Crim. Rep. 297, 288 S. W. 224. (Many other authorities will be found collated under Sec. 586 of Branch's Ann. Tex. P. C.) Appellant wholly failed to discharge the burden resting upon him to show intentional discrimination.

The motion for rehearing is overruled.  *Overruled.*