## WADE WILBORN v. THE STATE.

No. 12250. Delivered January 2, 1929.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is murder; punishment, death.

In the motion to quash the indictment it is charged that in the selection of the grand jury who found the indictment against the appellant there was discrimination against him because of his race, he being a negro. The motion consists of an averment only and constitutes a mere pleading. So far as the record here reveals, it is unsupported by any character of evidence. The burden rested upon the appellant to prove that in the selection of the grand jury there

was discrimination against his race. See Briscoe v. State, 106 Tex. Crim. Rep. 478, on motion for rehearing, page 482, and authorities cited. See also Branch's Ann. Tex. P. C., Sec. 586.

. The motion to quash the special venire upon like ground as that to quash the indictment was overruled, and touching that the remarks above made have application.

The deceased, Rosa Ella Wilborn, was the wife of the appellant. From the appellant's confession, it appears that he and his wife had quarreled about the mortgage of some property. He left home and after an absence of two days went to his house at night. He observed his wife sitting in the room, and after waiting about half an hour for the children to go to bed, he went to a window about six feet from his wife. Using a shotgun loaded with buckshot, he shot her. She did not die at once but made a dying declaration confirmatory of the circumstances of the shooting, that is to say, that she was standing in her house and was about to put the baby to bed when she was fired upon from the window. Some two days before she was shot, she and her husband had had a quarrel about a mortgage that he had placed upon their property; that he left home and she had not seen him up to the time of the shooting. There was other corroborative testimony which, with the appellant's confession, is deemed sufficient to meet the law's demand requiring proof of death of the deceased by violence through the criminal agency of the appellant. See Aven v. State, 95 Tex. Crim. Rep. 155; Bennett v. State, 95 Tex. Crim. Rep. 426; Kugadt v. State, 38 Tex. Crim. Rep. 694; Banks v. State, 85 Tex. Crim. Rep. 166; Dyer v. State, 96 Tex. Crim. Rep. 301.

The judgment is affirmed.

*Affirmed.*