### DAVE POTTER V. THE STATE.

No. 21061. Delivered May 15, 1940.
Rehearing Denied June 26, 1940.

The opinion states the case.

*R. E. Eubank,* of Paris, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

From a conviction in the District Court, 102nd Judicial Dis-

trict, Red River County, in which a fine of $250.00 was assessed for a violation of the liquor laws, appellant brings this appeal.

The first bill of exception complains of the charge of the court and quotes from it the following: "You are instructed that Red River County, Texas, is a dry area as defined by the Statute ***** and you are instructed to assess his fine not less than $100.00 nor more than $1,000.00 or by imprisonment in the County Jail for not to exceed one year."

Appellant was tried by a jury on a plea of not guilty. The charge was an oral one and the judge approved the foregoing as a part of his charge. It will be noted that five stars are in the second line, probably indicating that something had been left out of the quoted paragraph, but we are unable to supply the missing part either for the support of the bill or to destroy it. The objection raised is as to the weight of the evidence, but relates only to that part which says Red River County is a dry area. The court was justified in giving this. There is no objection to the rest of it.

Appellant's bills of exception numbers two and three are considered to have no merit and are overruled.

Appellant's bill of exception number four as prepared reflects error, but as qualified by the court we think all the harm was waived by appellant and that the evidence was admitted without objection.

Appellant's bill of exception number five, presenting a matter somewhat similar to that in bill number four, is qualified by the court adopting his qualifications to bill number four as applicable to number five without recopying it. We are hardly able to fit the statement found in the qualifications to bill number four to that in number five and feel that such qualification is not sufficiently definite and certain to destroy the bill. Neither the affidavit for the search warrant nor the search warrant itself are admissible before the jury. They are for the consideration of the court only to determine the admissibility of the evidence which may have been found as a result of the search. The trouble, however, is in the bill itself. It fails to show just what was read to the jury and also the resulting harm therefrom.

The other matters complained of in the trial of the case are not of sufficient importance to require a reversal of the case and are, therefore, passed without comment.

The case is affirmed.

ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant again complains because of what he terms a failure in the corresponding of the allegata and probata in that the complaint and information allege that an election had been held in Red River County in 1902 to determine whether or not the sale of intoxicating liquors, to-wit: whisky, should be prohibited, etc., in said county.

We are cited to Article 16, Section 20 of the State Constitution, prior to the amendment of 1919, which reads as follows: "The legislature shall at its first session, enact a law whereby the qualified voters of any county * * * or * * * subdivision * * * as * * * designated by the commissioners' court * * * may, by a majority vote, determine from time to time whether the sale of intoxicating liquors shall be prohibited within the prescribed limits."

It is shown that the sale of intoxicating liquors was by a majority vote prohibited in such county in the year 1902, and the complaint now presents itself that the information and complaint should not have specialized by using the word "whisky" wherein there occurs the phrase "after an election had been held by the qualified voters of said county in accordance with law to determine whether or not the sale of intoxicating liquors, to-wit: whisky, should be prohibited in said county," etc.

Evidently such a complaint would be unquestioned under the amendment of the State Constitution which allows elections to be held in order to determine the sale of different kinds and character of intoxicating liquors. In our judgment the word "whisky" under this prosecution is but surplusage, and could be eliminated and do no violence to good pleading. The pleadings allege that such an election was held relative to prohibiting the sale of intoxicating liquor, which was the only kind of election permissible under the Constitution in force in 1902, and we think the statement of the general term "intoxicating liquor" includes all intoxicants of any kind, and the word "whisky" can be treated as surplusage and still leave a good complaint and information. It seems to us that this makes a fair correspondence between the allegation and the proof.

In the condition in which we find this record we think the original opinion herein properly disposed of all further contentions set forth in this motion, and the same is overruled.