Hal W. JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 54262.

Court of Criminal Appeals of Texas, Panel No. 1.

June 7, 1978.

Josh Don Curnell, III, Houston, for appellant.

Carol S. Vance, Dist. Atty., Carl W. Hobbs and Candelario Elizondo, Asst. Dist. Attys., Houston, for the State.

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

OPINION

W. C. DAVIS, Judge.

After a trial by jury, the appellant was found guilty of assault, V.T.C.A., Penal Code, Sec. 22.01(a)(1). The court assessed punishment at thirty days confinement in the Harris County jail. We affirm.

The complainant testified that the appellant dragged her down a stairwell of the University of Houston main library. Her screams brought Mr. McDaniel, who interceded as appellant was choking her. Appellant escaped but was apprehended several weeks later, after being seen again by the complainant in the library.

The appellant raises five grounds of error.

■ In ground of error one, he contends that the trial court erred in failing to charge the jury on mistaken identity.

The two State's witnesses identified the appellant as the assailant. The court's charge to the jury on the burden and standard of proof, the presumption of innocence, and the law of alibi, substantially incorporated his requested instructions. *Sheppard v. State,* 545 S.W.2d 816 (Tex.Cr. App.1977). The charge, when considered as a whole, adequately protected his rights. Article 36.19, Vernon's Ann.C.C.P. *Pittman v. State,* 554 S.W.2d 190 (Tex.Cr.App.1977).

Ground of error one is overruled.

■ In ground of error two, the appellant urges that his conviction is void because the State failed to timely disclose exculpatory material.

The complainant said that she made a written report at the traffic and security office, and, later, a written statement at the police department. On cross-examination, the prosecuting attorney tendered the police offense report, but stated that he did not have the complainant's written statement. Appellant's counsel made no objection to its absence, requested no trial continuance for a subpoena duces tecum, nor later requested that it be included in the appellate record. There is no showing of harm. Error, if any, was not preserved.

*Moore v. State,* 509 S.W.2d 349 (Tex.Cr. App.1974); *Toler v. State,* 546 S.W.2d 290 (Tex.Cr.App.1977).

Ground of error two is overruled.

■ In ground of error three, appellant argues that the trial court committed reversible error in failing to charge the jury on the issue of his good character.

In *Jamison v. State,* 141 Tex.Cr.R. 349, 148 S.W.2d 405 (1941), quoting *Pharr v. State,* 9 Tex.App. 129 (Austin Term 1880), we said:

" 'It was not incumbent upon the judge to give a special instruction on good character. The law permits one accused of crime to put his previous good character before the jury for their consideration. All the court is required to do is to permit the evidence to go to the jury, to be by them considered in connection with the other testimony in the case, in order to determine from the whole evidence the guilt or innocence of the accused.' "

See also *Gilderbloom v. State,* 160 Tex. Cr.R. 471, 272 S.W.2d 106 (1954); *Kirkpatrick v. State,* 515 S.W.2d 289 (Tex.Cr.App. 1974).

Ground of error three is overruled.

■ In ground of error four, the appellant next complains that the court erred in failing to charge the jury as to the credibility of the witnesses.

The court's instructions concerning the credibility of the witnesses and the weight to be given their testimony substantially incorporated appellant's requested charge. *Sheppard,* supra.

Ground of error four is overruled.

■ In his final ground of error, the appellant contends that the pretrial identification procedure was so unnecessarily suggestive and conducive to irreparable mistaken identification as to amount to a denial of due process.

Both State's witnesses observed the appellant committing the assault. There was no pretrial lineup or photographic spread. Their in-court identification was the result

of their observation of him at the time of the alleged act. The in-court identification was of independent origin. *Thompson v. State,* 480 S.W.2d 624 (Tex.Cr.App.1972); *Bermudez v. State,* 533 S.W.2d 806 (Tex.Cr. App.1976).

Ground of error five is overruled.

The judgment is affirmed.