Darrell Wayne WILSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 56810.

Court of Criminal Appeals of Texas,
Panel No. 2.

Feb. 21, 1979.
On Rehearing May 23, 1979.

Roberts and Dally, JJ., filed concurring
opinions on State's motion for rehearing.

Odom and Clinton, JJ., filed dissenting
opinions on State's motion for rehearing.

**662**

Walter J. Pink, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Robert A. Moen, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, PHILLIPS and DALLY, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for rape of a child; punishment was assessed by the jury at ten years.

In his third ground of error appellant contends the trial court committed reversible error by refusing his requested charge on the defensive issue of mistaken identification. The State argues the issue was not preserved at trial and the evidence did not raise the issue.

Although the requested charge submitted by appellant was no model, we conclude it was sufficient to call the court's attention to the issue he sought to have submitted. It began:

"You are instructed that the State has the burden of proving identity beyond a reasonable doubt. It is not essential that the witness be free from doubt as to the correctness of his statement. However, you, the jury must be satisfied beyond a reasonable doubt of the accuracy of the identification of the Defendant before you may convict him. If you are not convinced beyond a reasonable doubt that the Defendant is the person who committed the crime, you must find the Defendant not guilty."

Although other portions of the lengthy requested instruction would have been improper comments on the weight of the evidence had the court included them in the charge, the part quoted here was sufficient to put the court on notice of appellant's request, and to preserve the issue for review. See *Sledge v. State,* Tex.Cr.App., 507 S.W.2d 726; Art. 36.15, V.A.C.C.P.

We must therefore decide whether it was error to deny appellant a jury charge on mistaken identification. The offense was committed on December 1, 1975. Richard Bennett testified that on December 26 he, appellant, and two other persons were displayed before the complaining witness for possible identification as one of the three persons who had raped her, and that she said neither appellant nor either of the others had committed the rape. Although this testimony was contradicted by the State's evidence, the issue before this Court is not the truth or falsity of the defensive evidence. The issue on appeal is whether that evidence raised the defensive issue of mistaken identification.[1]

In *Wheeler v. State,* 56 Tex.Cr.R. 547, 121 S.W. 166, Presiding Judge Davidson wrote for the Court:

"It has been, as before stated, the universal rule in Texas to hold that wherever a defensive matter is set up, and supported by facts, the accused is entitled to an affirmative charge on that defensive matter. The law is not satisfied with a negative presentation, and it has been held directly that where there is evidence that another, or others, may have committed the crime, and not the accused, the court must submit this issue to the jury. [citations omitted]."

---

1. The State points out that an alibi charge was given. An alibi charge would not dispense with the necessity of an affirmative charge on identity if raised by the evidence. See *Fite v. State,* 139 Tex.Cr.R. 592, 140 S.W.2d 848, 853.

This rule applies as well to the defensive issue of mistaken identity. In *Briscoe v. State,* 106 Tex.Cr.R. 478, 293 S.W. 573, the Court approved the affirmative submission of an identity charge:

"On identification of the accused, the court gave the usual charge that the jury must believe beyond a reasonable doubt that on a date named the accused committed the offense of rape upon prosecutrix. In addition, he gave a special charge asked by appellant, to the effect that the burden was on the state to prove beyond a reasonable doubt the identity of the defendant as the party who committed the crime, and that unless they so found beyond a reasonable doubt they should acquit."

Although some cases indicate that the defensive issue of mistaken identification can be raised by evidence that someone other than the accused committed the offense, e. g. *Florio v. State,* Tex.Cr.App., 532 S.W.2d 614, that does not mean such evidence is the only way to raise the issue. We hold the defensive issue of mistaken identification is also raised by evidence that someone other than the accused had been identified as the perpetrator of the crime or by evidence that the identifying witness had on a prior occasion failed to identify the accused when given an opportunity to do so. In this case such evidence was presented, and the failure of the trial court to submit an affirmative jury charge on this defensive issue when requested to do so by appellant presents reversible error.

The judgment is reversed and the cause remanded.

DALLY, Judge, dissenting.

The complainant, who was five feet four inches tall and a ninth grade student on December 1, 1975, the day the offense was committed, lived with her mother and sisters at Clayton Homes in Houston.

The appellant and two others assaulted the complainant, carried her, while she was fighting and screaming, to an area near some warehouses and box cars. All three raped the complainant, who said she had a good opportunity to see the appellant's face while he was on top of her. She had never before seen the appellant and did not know his name.

About one week after she was raped the complainant was shown photographs of five people. She identified a photograph of the appellant as one of the three rapists. Later, police officers on two occasions had her view a lineup at the Clayton Homes office. She did not identify anyone in either lineup. She testified she had never misidentified anyone as one of the rapists and she had never told anyone that someone other than the appellant or one of his companions had raped her.

The appellant testified that he did not rape the complainant and that he spent the day on December 1 in a gymnasium playing basketball with his friend Richard Bennett. The appellant also said he had appeared in a police lineup and the complainant failed to identify him. Richard Bennett testified that he had been at the gymnasium with appellant at the time of the rape. Bennett also testified that he had been in a police lineup with the appellant and that the complainant failed to identify the appellant as one of the rapists.

It would not be proper to instruct the jurors to acquit the appellant if they found that the complainant had failed to identify appellant in the police lineup; therefore, misidentification is not an affirmative defense. In *Ward v. State,* 505 S.W.2d 832 (Tex.Cr.App.1974), this Court, in rejecting the contention that the trial court erred in failing to grant the defendant's instruction on misidentification, stated:

"The court's charge affirmatively required the jury to find beyond a reasonable doubt that appellant committed the offense before he could be convicted. The jury was further instructed that if it had a reasonable doubt as to the appellant's guilt it should acquit. The court did not err in failing to instruct the jury as requested by appellant."

In the instant case, just as in *Ward,* the charge affirmatively required the jury to

find beyond a reasonable doubt that the appellant committed the offense before he could be convicted and that if the jury had a reasonable doubt as to appellant's guilt it should acquit him. Although the appellant argues that his testimony and that of his friend raised the issue of misidentification for the jury's consideration, this evidence would not require a submission on the issue of identity. The appellant's rights were adequately protected as to any issue raised regarding identity by the court's charge, and the trial court did not err in failing to instruct the jury as requested by the appellant. In *Laws v. State*, 549 S.W.2d 738 (Tex.Cr.App.1977), a case not mentioned by the majority, we recently rejected a defendant's contention that he was entitled to a charge on misidentification because it would improperly single out evidence for the jury's consideration.

*Wheeler v. State*, 56 Tex.Cr.R. 547, 121 S.W. 166 (1909), cited by the majority, is not apposite because there, if found to be true by the jury, the defensive matter was an affirmative defense that would require that the defendant be acquitted. That the complainant in the instant case may have failed to identify the appellant in one lineup would not require the jury to acquit the appellant; it was not an affirmative defense.

*Briscoe v. State*, 106 Tex.Cr.R. 478, 293 S.W. 573 (1926), cited by the majority, is not a case in which the Court held that it was necessary to submit a charge on misidentification. The Court there merely observed that the trial court had submitted such a charge. The majority cites no case that has ever required that a charge on identity be submitted to the jury. Such a charge would be in the nature of a special issue— criminal cases are submitted on a general charge. Moreover, any such charge would constitute a comment on the weight of the evidence. The majority fails to advise the bench and bar how such a charge could be worded so as not to constitute a comment on the weight of the evidence. The most important reason why such a charge is unnecessary is because mistaken identity is not an affirmative defense.

The majority is clearly wrong; I dissent to the reversal of the judgment.

Before the Court En Banc.

## OPINION ON STATE'S MOTION FOR REHEARING

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for rape of a child. V.T.C.A. Penal Code, Sec. 21.09. Punishment was assessed by the jury at 10 years.

Appellant does not challenge the sufficiency of the evidence to support his conviction. We will review the evidence only as necessary to the disposition of appellant's grounds of error.

Appellant contends that the trial court erred in failing to charge the jury on the issue of mistaken identity. Appellant timely requested such a charge in writing.

Evidence was offered by the appellant that appellant and two other persons were displayed before the complaining witness for possible identification as one of the three persons who had raped her and that she said neither appellant nor either of the others had committed the rape. This evidence was contradicted by testimony offered by the State. The opinion by the panel in this cause held that a defensive issue of mistaken identification was raised and that the trial court erred in failing "to submit an affirmative jury charge on this defensive issue" in light of appellant's request for such an issue.

On the same day that the opinion in this cause was handed down, another panel handed down an opinion in *Waller v. State*, 581 S.W.2d 483 (1979), in which the defendant's contention that the trial court erred in refusing to give his requested instruction on misidentification was rejected. After noting that the issue of misidentification was not raised by the evidence, it was stated:

"Even assuming an issue had been raised, it would have been error for the trial court to single out the fact concerning Anderson's identification of appellant and magnify them before the jury. This

would constitute a comment on the weight of the evidence. See *Laws v. State,* 549 S.W.2d 738 (Tex.Cr.App.1977), Art. 36.14, V.A.C.C.P., and the cases there cited under Note 743. Moreover, misidentification is not an affirmative defense, and the appellant was adequately protected by the requirement that the jury find beyond a reasonable doubt that appellant committed the offense."

In the recent cases of *Jones v. State,* 566 S.W.2d 628, and *Guzman v. State,* 567 S.W.2d 188, we find holdings of this Court which appear to be contrary to the holding in the instant case. A complaint that the trial court erred in failing to charge on mistaken identity was rejected in *Jones.* There it was held:

"The court's charge to the jury on the burden and standard of proof, the presumption of innocence, and the law of alibi, substantially incorporated his requested instructions. *Sheppard v. State,* 545 S.W.2d 816 (Tex.Cr.App.1977). The charge, when considered as a whole, adequately protected his rights. Article 36.-19, Vernon's Ann.C.C.P. *Pittman v. State,* 554 S.W.2d 190 (Tex.Cr.App.1977)."

In *Guzman,* a like contention was rejected, the Court finding no error in light of the court's instruction to the jury that it must believe beyond a reasonable doubt that the defendant committed the offense before finding him guilty.

In *Laws v. State,* 549 S.W.2d 738, this Court, in rejecting the defendant's complaint that the court refused to charge on mistaken identification, found that the court had instructed the jurors that they had to believe defendant guilty beyond a reasonable doubt. In *Laws,* it was further noted that it would have been improper for the court to submit such an instruction "because it would have been singling out particular parts of the testimony."

In the somewhat earlier case of *Ward v. State,* 505 S.W.2d 832, this Court, after finding that there was no evidence to raise the issue of mistaken identity, went on to say:

"The court's charge affirmatively required the jury to find beyond a reasonable doubt that appellant committed the offense before he could be convicted. The jury was further instructed that if it had a reasonable doubt as to appellant's guilt it should acquit. The court did not err in failing to instruct the jury as requested by appellant."

In the instant case the court instructed the jury on the presumption of innocence, the requirement that the jury must find beyond a reasonable doubt that appellant committed the offense, and "Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant." In addition, the court in the instant case charged on the law of alibi. We find that the charge adequately protected appellant's rights and the court did not err in refusing the requested charge on mistaken identity.

Further, the fact that the complaining witness failed to identify appellant on one occasion goes only to the weight to be given the identification evidence. It does not give rise to an affirmative defense which would require that the appellant be acquitted.

Appellant next contends that the trial court erred in denying his right of confrontation by admitting expert testimony based on the conclusion of another medical expert. The testimony complained of was that of Dr. Anton Broms.

Dr. Broms testified that he conducted an examination of the victim on the night of the offense. Dr. Broms was unable to recall any specifics of the examination until he refreshed his memory from medical records made at the time of the examination.

The records reflected that Dr. Broms, a specialist in gynecology, had been called in to examine the victim by another treating physician. Broms stated that he had examined the victim in conjunction with this other physician. Although the report contained information in the handwriting of other persons, the witness stated that his signature would indicate that his examina-

tion of the victim had confirmed the existence of those conditions.

Appellant has failed to show that Dr. Broms testified to any fact that he did not actually observe. The record does not lend factual support to appellant's contention. No error is shown.

■ Appellant contends that the prosecutor failed to timely disclose material evidence favorable to the appellant. Under this ground of error, appellant urges error in that:

"the prosecutor failed and refused to subpoena Robert Gonzalez and gave no account as to his whereabouts. This witness would have shed light on whether or not the complainant was raped by three young Blacks and whether the defendant was the rapist. The prosecutor refused to produce that part of the offense report written by officer Coleman in which officer Martin stated that the complainant told him that M_____ J_____ was the boy that raped her. The prosecutor further failed to subpoena officer McCafferty, officer Martin, and officer Coleman. The prosecutor, further, failed to subpoena the [sic] Dr. Walker, who made the medical examination as to the wet mount sperm.

"The state failed to subpoena officer Martin and failed to subpoena the officer that wrote down officer Martin's report. When Defendant subpoenaed officer Martin, the state intentionally suppressed that part of the offense report in which officer Martin held a lineup on the 26th of December, 1975, with the defendant and three other Blacks, and the complainant was unable to make any identification. In failing to produce this portion of the offense report, the prosecutor presented the false picture that when the complainant went to the lineup on December 26, 1975 the Defendant and M_____ J_____ were not there."

A ground of error complaining of numerous alleged errors is multifarious and does not comply with Art. 40.09, Sec. 9, V.A.C.C.P. *See, Morgan v. State*, Tex.Cr.App., 545 S.W.2d 811; *Rodriguez v. State*, Tex.Cr. App., 530 S.W.2d 944.

■ Moreover, we note that Martin and McCafferty testified at trial and that the State introduced evidence that it was unable to locate Robert Gonzalez despite efforts to do so. We further find that the record reflects no factual basis to support appellant's contention that the State withheld any information favorable to him.

Appellant contends that the trial court erred in allowing the prosecutor to argue facts not in evidence and to refer to the demands of the community for a particular punishment. These arguments occurred during the punishment stage of the trial.

■ Although appellant objected to the prosecutor's argument that he maintains was outside the record, no ruling on that objection was secured. No error is preserved for review, *Moffett v. State*, Tex.Cr. App., 555 S.W.2d 437; *Cain v. State*, Tex. Cr.App., 549 S.W.2d 707.

The second argument complained of was as follows:

"Is that what our probation laws were meant for? That a person who would rape a child, would come down here— forcibly rape, where her vagina is lacerated—and get probation? Surely that's not the case. I mean, it can't be. It can't be as long as I stand here in front of people like yourselves. It just can't be the case. I'm sure that I don't live in a community where people feel like that either."

■ A jury argument that refers to the expectations or demands of the community for a particular result is error. *Bothwell v. State*, Tex.Cr.App., 500 S.W.2d 128; *Crawford v. State*, Tex.Cr.App., 511 S.W.2d 14. The jury argument in the present case does not set forth what result the community demands or expects in this case. See *Crawford v. State*, supra. No error is shown.

■ Appellant finally contends that the "trial court's actions throughout the trial constituted reversible error. . . ." Appellant points to the trial court's rulings on four of his objections as follows:

"Q. Now, when I saw Clayton Homes, it's not really a subdivision; that's an apartment project, isn't it?

"MR. PINK [defense counsel]: I would object to the Prosecutor leading his witness, getting her to say yes.

"MR. MOEN [prosecutor]: Judge, may I have the legal objection from the man rather than making a Jury argument?

"There's a proper time for it and now is not the time.

"THE COURT: Overruled. Go ahead.

\* \* \* \* \* \*

"Q. Okay, and I think I told you, did I not, yesterday to describe—

"MR. PINK: Your Honor, I would object to any testimony or anything that he told her yesterday. It's not proper as to what he told her yesterday. It's not a proper question.

"MR. MOEN: I don't believe that's a legal objection, Your Honor.

"THE COURT: Sustained—I mean, overruled. But, don't repeat the testimony.

"Q. (By Mr. Moen) And did I not tell you that when you started talking about the male sex organs to refer to that as the penis?

"A. Yes, sir.

"Q. Okay.

"MR. PINK: Your Honor, again, I would like to object to the State continuously testifying and leading the witness.

"THE COURT: All right, overruled.

"MR. PINK: Note my exception.

\* \* \* \* \* \*

"Q. Now, I think I told you yesterday I was going to have to ask you some foolish questions, did I not?

"A. Yes, sir.

"Q. Okay, listen to what I have to say.

"MR. PINK: Again, I would object to this kind of leading question as to the way the D.A. is phrasing this.

It's not proper. He's testifying again.

"MR. MOEN: If I may, could we have Mr. Pink make a legal objection rather than a Jury argument?

"THE COURT: Overruled.

\* \* \* \* \* \*

"Q. Did anyone ever try to stuff anything in your mouth?

"A. Yes.

"MR. PINK: That's leading. We object to leading questions.

"THE COURT: Overruled.

\* \* \* \* \* \*

"Q. Did he stick around a little bit while the smallest one was raping you?

"A. Yes, just a little while.

"MR. PINK: Your Honor, if it please the Court, State is continuing to lead the witness, and we would ask the Court to ask the State—

"THE COURT: Just make an objection, if you will, and give a legal reason that's sufficient. You object to the question?

"MR. PINK: Because it's leading.

"THE COURT: Overruled.

"MR. PINK: Note my exception."

Appellant maintains that the trial court's actions in ruling on these objections were "prejudicial responses."

This ground of error is multifarious and fails to comply with Art. 40.09, Sec. 9, supra. See *Love v. State*, Tex.Cr.App., 533 S.W.2d 6.

Further, we decline to hold that the manner of the court's ruling on appellant's objections constituted reversible error. The instances cited do not reflect an opinion of guilt on the part of the court. See *Zima v. State*, Tex.Cr.App., 553 S.W.2d 378. While an accused may complain of an erroneous ruling made as the result of prejudice, it would be the error in the ruling rather than the prejudice that would give him the right to complain. *Bolding v. State*, Tex.Cr.App., 493 S.W.2d 181; *Vera v. State*, Tex.Cr.App., 547 S.W.2d 283. No error is shown.

The State's motion for rehearing is granted. The judgment is affirmed.

ROBERTS, Judge, concurring.

I concur in the majority's holding that the appellant was not entitled to an affirmative instruction on the issue of mistaken identity. However, I would so hold because the rule that an accused is entitled to an affirmative submission of every defensive issue raised by the evidence [1] should not be applied under the facts of the present case.

A defensive issue is one that is exculpatory in nature and, if resolved in favor of the defendant, would entitle him to an acquittal. V.T.C.A., Penal Code, Section 2.03. Although mistaken identity may, in some instances, constitute a defensive issue, it is not such an issue in the present case.

In every criminal trial, there are a host of controverted issues and subissues which, if resolved in favor of the defendant, tend to create a reasonable doubt of guilt. Each element of a given offense has a potential for controversy and creation of doubt, yet we do not require a special charge on such issues as culpable mental state, consent, ownership, et cetera, when these issues are controverted by the defendant. Such issues are properly proven as part of the State's main case. Only when evidence has been introduced which, if standing alone, would entitle him to an acquittal is it incumbent upon the court to submit an affirmative charge to the jury on such a defensive issue when it is properly requested by the defendant.

The State must always establish the identity of the accused as an element of its case in chief. The State's evidence on this element may be rebutted by the defendant with evidence that the State's identification witness previously failed to identify the defendant when given the opportunity to do so or that the State's witness previously identified someone other than the defendant as the perpetrator of the offense. But rebuttal evidence of this nature affects the witness's credibility and the weight to be given his testimony and in no wise casts upon the State an additional burden of proof to disprove this rebuttal evidence beyond a reasonable doubt.

A different situation is presented when the defendant seeks to raise the issue of mistaken identification by introducing evidence that someone else committed the offense in question. In such a case, once a defendant meets his production-of-evidence burden, the State would be obliged to disprove this issue beyond a reasonable doubt. Section 2.03, supra; *Wheeler v. State*, 56 Tex.Cr.R. 547, 121 S.W. 166 (1909). By such evidence, a true defensive issue is presented by the defendant because a favorable jury finding would entitle him to an acquittal. Thus, when the issue of mistaken identity is raised in this manner, the defendant is entitled to have it affirmatively submitted by instruction to the jury. And a charge on the defense of alibi will not suffice because it does not fully cover the proposition that a person other than the defendant committed the offense. *Fite v. State*, 139 Tex.Cr.R. 592, 140 S.W.2d 848 (1940) (Motion for Rehearing).

In *Wheeler v. State*, supra, one of the defenses advanced by the defendant was that Powledge and not the defendant had committed the offense of murder as alleged. The court charged upon circumstantial evidence and alibi, but did not affirmatively instruct the jury pursuant to his properly requested charge that if the jury found that another party committed the homicide, or if there was a reasonable doubt of this, the jury should acquit him. This Court held that it was reversible error for the trial court to have refused the defendant's properly requested charge on this defensive issue of mistaken identity.

In the case before us, the appellant attempted to rebut the State's evidence on the identity issue by introducing evidence that the prosecutrix had previously failed to identify him as her assailant. In light of the foregoing observations, I cannot say that the appellant was entitled to an affirmative charge on mistaken identity because, under the facts of this case, no defensive issue on mistaken identity was presented.

For the reasons stated, I concur.

1. *Rodriguez v. State*, 372 S.W.2d 541 (Tex.Cr. App.1963).

DALLY, Judge, concurring.

I am in complete agreement with the majority Opinion on State's Motion for Rehearing. I also rely on my dissenting opinion on original submission. However, points raised in the dissenting Opinions on State's Motion for Rehearing deserve further comment.

First, in "distilling" the model instruction from other jurisdictions as an elixir for this jurisdiction (See Judge Clinton's dissenting Opinion on State's Motion for Rehearing, footnote 3), no account has been taken of the broad discretion federal and many state trial judges have in instructing the jury regarding the weight and the considerations the jury is to give portions of the evidence. See Fed.R.Crim.P. 30; *Quercia v. United States*, 289 U.S. 466, 53 S.Ct. 698, 77 L.Ed. 1321 (1933); 2 Wright, Federal Practice and Procedure, Sec. 488 (1969); 8A Moore, Federal Practice, Sec. 30.10 (2d ed. 1978); California Constitution, Art. VI, Sec. 10; California Penal Code, Sec. 1127; South Carolina Constitution, Art. V, Sec. 17; *Norris v. Clinkscales*, 47 S.C. 488, 25 S.E. 797 (1896); *State v. Johnson*, 66 S.C. 23, 44 S.E. 58 (1903). Also, I disagree that one of the jurisdictions said to have "met the challenge" has indeed done so. See *Ives v. Commonwealth*, 184 Va. 877, 36 S.E.2d 904 (1946). In Texas, trial judges are bound by Art. 36.14, V.A.C.C.P., which provides, in pertinent part:

> "[T]he judge shall . . . deliver to the jury . . . a written charge distinctly setting forth the law applicable to the case; not expressing any opinion as to the weight of the evidence, not summing up the testimony, discussing the facts or using any argument in his charge calculated to arouse the sympathy or excite the passions of the jury . . ."

Second, I disagree that a charge on mistaken identity is akin to the defense of alibi. In the charge on the defense of alibi, the jurors are instructed that if they believe a defendant's alibi they are to find the defendant not guilty. Is it being suggested in the dissent that a jury be instructed to acquit a defendant because a witness failed to identify the defendant in a pretrial line-up, even though that witness had made an in-court identification of the defendant and even though the in-court identification by the witness may have been corroborated by other witnesses?

I also note that the dissenters in their Opinions on State's Motion for Rehearing have not had the temerity to quote for the inspection of the bench and the bar the appellant's specially requested charge which the trial judge correctly refused to submit to the jury.

ODOM, Judge, dissenting.

On this dark Wednesday the majority effectively abolishes the right of the accused to a meaningful trial by jury on defensive issues raised by the evidence.

None of the cases cited by the majority are on point; nor do they conflict with the holding on original submission in this case, as asserted by the majority.

The majority admits that the evidence did not raise the issue of mistaken identification in *Ward v. State*, Tex.Cr.App., 505 S.W.2d 832, and *Waller v. State*, 581 S.W.2d 483 (1979). In *Guzman v. State*, Tex.Cr. App., 567 S.W.2d 188, it was not contended on appeal that the issue had been raised, but merely that the law of proof beyond a reasonable doubt was not adequately applied to identification of the accused. The Court there held, "Viewing the charge as a whole, it properly instructed the jury concerning reasonable doubt." From the opinion in *Jones v. State*, Tex.Cr.App., 566 S.W.2d 628, it also appears that no evidence raised the issue of mistaken identity; the opinion merely recites, "The two State's witnesses identified the appellant as the assailant." Finally, the opinion in *Laws v. State*, Tex.Cr.App., 549 S.W.2d 738, also reflects that the defensive issue was not raised by the evidence. In that case, although one state witness had failed to identify the defendant in a line-up, two other

witnesses were unimpeached in their identification testimony.[1]

Unlike the cases cited by the majority, the evidence in this case did raise the defensive issue of mistaken identification. Evidence was presented by the defense that the state's only identifying witness had viewed appellant and two others for possible identification and had said that appellant was not one of the rapists.

The defensive issue was clearly raised and appellant was entitled to an *affirmative* submission of the issue. It is well established that an accused is entitled to an *affirmative* submission of every defensive issue raised by the evidence. *Rodriguez v. State*, Tex.Cr.App., 372 S.W.2d 541; *Loftin v. State*, Tex.Cr.App., 366 S.W.2d 940; *Barton v. State*, 172 Tex.Cr.R. 600, 361 S.W.2d 716. The majority today abolish that rule by holding, in effect, that if the jury is instructed on the presumption of innocence, and on the requirement that the jury must find beyond a reasonable doubt that the accused committed the offense, then no defensive charge need be given. It is the function of a jury charge to lead the jury as to the matters for its deliberation and to prevent confusion. See, *Williams v. State*, Tex.Cr.App., 547 S.W.2d 18. A jury charge that only presents the law regarding the state's case, and that ignores the defensive issues raised by the evidence, is a state-biased charge that is one-sided in its guidance to the jury. See, *Fennell v. State*, Tex.Cr. App., 424 S.W.2d 631, in which the conviction was reversed for failure of the charge to apply the law to the facts on the issue of self-defense, even though there was no objection.

1. *Laws* is also cited for the proposition that a charge on mistaken identity would have singled out particular parts of the testimony. While such a charge in that case, where only one of three identification witnesses was impeached, and where no defensive issue of mistaken identification was raised by the evidence, would have improperly singled out particular parts of the testimony, the rule against singling out parts of the testimony cannot be applied to prevent an affirmative submission of defensive issue that is raised by the evidence. Such an overbroad application of the rule will eliminate

The majority opinion today is guilty of the same misreading of the panel majority as was the dissent on original submission, in which it was protested that failure to identify the accused in a line-up should not be an affirmative defense that would require an acquittal. The majority on original submission held that appellant was entitled to an affirmative submission of the issue, *not* an affirmative defense and *not* an acquittal if the jury found the victim had previously stated appellant did not commit the crime.

The simple issue is whether appellant was entitled to have the jury fairly instructed on the issue, and thereby fairly decide it. Previous decisions of this Court have recognized that mistaken identification is a defensive issue and that the accused is entitled to an affirmative submission of the matter. See, *Wheeler v. State*, 56 Tex. Cr.R. 547, 121 S.W. 166; *Briscoe v. State*, 106 Tex.Cr.R. 478, 293 S.W. 573; *Fite v. State*, 139 Tex.Cr.R. 592, 140 S.W.2d 848, 853. Appellant was denied his right to have the jury adequately instructed on the defensive issue raised, and his constitutional right to a trial by jury was thereby impaired. The majority decision today endorses this injustice and leaves a dark cloud of uncertainty over the future of the right to a jury charge on *any* defensive issue.

I dissent.

CLINTON, Judge, dissenting.

Concurring completely in the dissenting opinion eloquently presented by Judge Odom, as a member of the panel that decided *Waller v. State*, 581 S.W.2d 483 (1979),[1] I write to remark that adjudication by adage is a practice that should be abandoned along with the old saying.

all jury charges on defensive issues which by definition "single out" the evidence that raised the issue when the law is applied to the facts.

1. While not articulated, my special concurrence in *Waller* was based on the notion that since the panel found that the issue of mistaken identity was not raised by the evidence the arguendo statements that followed that finding were of little moment and resolution of the issue should await the instant cause where it is squarely presented.

A "rule" that it is improper "for the court to single out particular facts or specific parts of the testimony and charge thereon" is so abstract that it provides no standard at all. Taken literally it results in the proposition expounded by Judge Hawkins on motion for rehearing in *Dunne v. State*, 96 Tex.Cr.R. 7, 263 S.W. 608, 617 (1923):

> "We think it may be stated, as a sound general rule, that the trial court is not required to charge upon any specific evidence unless it be introduced by the State for a particular purpose, and is likely to be appropriated by the jury improperly against the defendant on trial, which is illustrated by a charge limiting impeaching evidence in certain instances."

Moreover, uttering the adage to answer the ground of error asserted in this cause only serves to divert attention from the actual holding implicit in the majority opinion. That is, that the criminal law of this State does not admit mistaken identification as a defensive issue. In that the majority errs for, as pointed out by Judge Odom, this Court has recognized mistaken identification as a defensive issue in the cases he cites.

Furthermore, by what I hope is an indiscriminate use of the term "affirmative defense" the majority opinion, as well as the portion of the *Waller* opinion excerpted by the majority, conveys the idea that a defensive theory must reach the level of an affirmative defense—perhaps even as defined in V.T.C.A., Penal Code Section 2.04. The

Court has expressly and succinctly stated otherwise in, e. g, *Gavia v. State*, 488 S.W.2d 420 (Tex.Cr.App.1972): "When a defensive theory is raised by evidence from any source and a charge is properly requested, it must be submitted to the jury. It is then the jurors' duty, under the proper instructions, to determine whether the evidence is credible and supports the defense."

The defense of mistaken identity is akin to but is something other than the defense of alibi.[2] See *Fite v. State*, 139 Tex.Cr.R. 592, 140 S.W.2d 848, 853 (Tex.Cr.App.1940). It is not labeled an affirmative defense or a defense, V.T.C.A., Penal Code Section 2.03, but that omission should not and does not disqualify mistaken identity as a defensive theory which, when properly raised and supported by evidence, must be submitted to the jury.[3] Since the majority opinion will be wrongly interpreted as an expression by the Court that a defensive theory of mistaken identification need not be the subject of an instruction to the jury as a defensive matter, I respectfully dissent.

---

**2.** Indeed, in this case an instruction on alibi was given that is almost identical to one suggested by McClung, *Jury Charges for Criminal Practice* (Rev.Ed. January 1979) 215, "Alibi."

**3.** Faulted by an earlier concurrence for not rendering an advisory opinion that presents an appropriate instruction concerning a proposition the Court holds need not be submitted at all, I am content to distill from decisions of several jurisdictions which met the challenge at least fifty years ago and thereafter the following:

> You must be satisfied beyond a reasonable doubt of the accuracy of identification of defendant as perpetrator of the offense charged, and you are instructed that if from facts and circumstances in evidence you have a reasonable doubt as to whether defendant

is the person who committed the offense alleged in the indictment you will find the defendant not guilty of the offense.

See, e. g., *People v. De Hoog*, 100 Cal.App. 235, 279 P. 1067 (1929); *Noblett v. Commonwealth of Virginia*, 194 Va. 241, 72 S.E.2d 241, 244 (1952); *State v. Fleming*, 228 S.C. 129, 89 S.E.2d 104 (1955); *Salley v. United States*, 122 U.S.App.D.C. 359, 361, n. 2, 353 F.2d 897, 899, n. 2 (1965); *Macklin v. United States*, 133 U.S. App.D.C. 139, 409 F.2d 174 (1969); see also admonition of *Gregory v. United States*, 133 U.S.App.D.C. 317, 410 F.2d 1016, 1024 (1969) that a careful trial judge may avoid danger of selective comment on facts while still directing attention of the jury to "particular issues most critical to the case" such as reliability of pretrial identification.