Grady v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-293-CR

JIMMIE L. GRADY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Jimmie L. Grady appeals from his conviction for robbery causing bodily injury.  In four points on appeal, appellant challenges the legal and factual sufficiency of the evidence to support his conviction, argues that the pretrial photo lineup was impermissibly suggestive, and complains that the trial court improperly charged the jury on the law of parties.  We will affirm.

In his first two points, appellant contends that the evidence is legally and factually insufficient to support his conviction because it does not show that he is the person who caused bodily to the victim, Stephen McClure.
(footnote: 2)  Appellant contends that McClure equivocated at trial about whether appellant was the person who hit McClure when his wallet was stolen.  Appellant also points out that two eyewitnesses testified that appellant stole McClure’s wallet but that someone else hit him. 

McClure testified as follows:  During a drug transaction, appellant and another man backed McClure into an alley, where appellant demanded McClure’s wallet.  A man standing behind McClure took his wallet out of his pocket and handed it to appellant, who took the money from the wallet and began looking through McClure’s identification papers.  When McClure tried to get his wallet back, appellant jerked it away and hit McClure in the face.  McClure then fell to the ground and lost consciousness. 

Sergeant J.M. Sparrow testified that he interviewed McClure at the hospital following the incident and presented a photo lineup to McClure.  According to Sergeant Sparrow, McClure unequivocally identified appellant in the photo lineup and said that he was “absolutely one hundred percent sure” that appellant was the man who had hit and robbed him. 

At trial, McClure testified that appellant “sure look[ed] like” the person who had robbed him, but that he had only seen his assailant on the night of the robbery, which had been almost a year earlier.  But McClure also testified that he took special note of what appellant was wearing and described it to the police.  This description corresponded to what appellant was wearing when the police found and arrested him.  Further, McClure testified that appellant’s companion(s) called him “Jimmie.” 

Two eyewitnesses, Felix LeBeau and Tanya Greer, testified that they saw appellant take McClure’s wallet but that one or two other men who were with appellant hit McClure.  Greer also testified that after taking the money from McClure’s wallet, appellant left the scene with the men who had hit McClure.

Appellant testified at trial and admitted to the original drug transaction; however, he denied any involvement in the robbery.  At first, he claimed that he was not present at the time of the robbery, but he later changed his story and admitted he was standing at a distance while the other men robbed McClure. 

When an uncertain in-court identification of the accused as the perpetrator of the crime is corroborated by other evidence, the witness’s uncertainty merely goes to the weight of the testimony and is a matter for the jury to decide.  
Anderson v. State,
 813 S.W.2d 177, 179 (Tex. App.—Dallas 1991, no pet.); 
see also Wilson v. State,
 581 S.W.2d 661, 665 (Tex. Crim. App. 1979) (op. on reh’g) (stating that complaining witness’s failure to identify appellant on one occasion goes only to the weight of identification evidence).  Here, in addition to McClure’s somewhat tentative in-court identification of appellant, the jury also had before it the evidence of McClure’s unequivocal identification of appellant from the photo lineup after the robbery, his accurate description of appellant’s clothing worn during the robbery, and his recounting of appellant’s first name to police.  Further, McClure never wavered from his testimony that the same person both stole his wallet and hit him. 

Moreover, the jury was charged that they could find appellant guilty either as a principal or as a party.  Under the law of parties, a person is criminally responsible for an offense committed by the conduct of another if he acts with the intent to assist or promote the commission of the offense or attempts to aid the other person to commit the offense.  
Tex. Penal Code Ann.
 § 7.02(a)(2) (Vernon 2003).  There is ample evidence from LeBeau and Greer that, even if appellant did not hit McClure, he acted with the intent to assist, promote, or aid someone else in the commission of the robbery.  Accordingly, applying the appropriate standards of review,
(footnote: 3) we hold that the evidence is legally and factually sufficient to support the jury’s verdict.  We overrule appellant’s first and second points.

In point three, appellant contends that the pretrial photo lineup was impermissibly suggestive; however, appellant has forfeited this complaint because he did not raise it at trial.  
See
 
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State,
 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).  
Instead, when the State offered the photo spread “for all purposes,” appellant’s counsel replied, “No objection.”  Therefore, we overrule appellant’s third point.

Appellant argues in his fourth point that the trial court erred in charging the jury on the law of parties.  Appellant asserts that the testimony at trial only supports a conclusion that he committed the theft element of the robbery, not that he caused or intended to cause bodily injury to McClure.  Appellant further asserts that any evidence that McClure was assaulted by someone else does not show that the assault occurred while a theft was being committed.  
See
 
Tex. Penal Code Ann. 
§ 29.02(a).  

If the evidence introduced at trial raises an issue that the defendant’s conduct was not sufficient by itself to constitute the charged offense, and instead depended on the acts of another, then the submission of a parties charge is appropriate.  
McCuin v. State
, 505 S.W.2d 827, 830 (Tex. Crim. App. 1974).  Here, the evidence raised an issue about whether appellant’s conduct in committing the bodily injury element of the robbery was partially dependent upon the conduct of his companions.  Thus, the trial court properly submitted the parties charge.  We overrule appellant’s fourth point.

Having overruled all of appellant’s points, we affirm the trial court’s judgment.  

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: December 2, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
See
 
Tex. Penal Code Ann. 
§ 29.02(a) (Vernon 2003) (providing that a person commits robbery if, in the course of committing theft, he intentionally, knowingly, or recklessly causes bodily injury to another).

3:
See
 
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001) (setting out legal sufficiency standard); 
see also Zuniga v. State
, 144 S.W.3d 477, 484-85 (Tex. Crim. App. 2004)
 (setting out factual sufficiency standard).