

**NUMBER 13-08-095-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

_____

**AUGUSTINE RODRIGUEZ,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

_____

**On appeal from the 94th District Court
of Nueces County, Texas.**

_____

**MEMORANDUM OPINION**

**Before Justices Yañez, Garza, and Vela
Memorandum Opinion by Justice Vela**

Appellant, Augustine Rodriguez, was indicted for two counts of sexual assault of a

child. *See* TEX. PENAL CODE ANN. § 22.011(a) (Vernon Supp. 2008). Following a jury trial,

appellant was convicted of both counts, and the jury assessed punishment at ten years'

imprisonment and a $10,000 fine for count one and five years' imprisonment and a $5,000 fine for count two. In a single issue, appellant argues the trial court's refusal to submit a "good character charge" to the jury violated his federal due process right to a meaningful opportunity to present a complete defense.[1] We affirm.

Appellant does not challenge the legal or factual sufficiency of the evidence to sustain his convictions. Because this is a memorandum opinion, and the parties are familiar with the facts, we will recite them only when necessary to explain this Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.4.

## I. Factual Background

After the State rested its case at guilt-innocence, appellant called three witnesses who testified, in part, to appellant's good character. Roy Faragoza, pastor of Emanueal Christian Church in Kingsville and a hospice nurse for Vista Care Hospice, knew appellant for twenty years. He testified that appellant is a peaceful, law-abiding citizen. When counsel asked Faragoza, "[D]o you have an opinion as to how he [appellant] treats children?", he replied, "Yes, well, he's always been a respectful person, he—a caring person. I would say even—well, a mature person really for his age. Even as a young person he's always been a pretty mature boy, man." When counsel asked him about appellant's truthfulness, he replied, "I trust him, he's trustworthy." When counsel asked him about appellant's "veracity and his honesty," he stated, "I think—he's honest and overall he's really been a good person. I have respected him, I've trusted his judgments and I think he's been a person of self-control."

---

[1] The State did not file an appellate brief in this case.

Roy's wife, Evangelina Faragoza, knew appellant for "20 years, plus." When counsel asked her about appellant's character, she stated that in her opinion, appellant "is a young man that grew up with very good morals and foundations from his parents as well as the church playing a major role in his growing up and he's a trustworthy person, a caring person in which I have no doubt that he is that person." She testified he was truthful and honest, and when counsel asked her if she had an opinion about appellant's "integrity and being a peaceful, law-abiding citizen," she stated, "To my knowledge, he's never had any run-ins with any of the law. . . ." When counsel asked her if she felt that appellant "has a reputation for safe and proper treatment of young children?", she stated, "Yes, I do. In fact, he helped mentor some of the children in our church when he was a teen. He helped take them and bring them to church activities without ever having any problems."

Appellant's mother, Puresa Rodriguez, owned a day-care center where appellant used to work. When counsel asked Puresa if she had an opinion about appellant's character, she replied, "He's a very respectful man. He's very loving and caring. The children when he worked at the day care center they really loved him because he's the type of person that builds you up, he doesn't tear you down" and that "he helped lots of children, and I believe that he made a big difference in the life of the children that he worked with." When counsel asked her if she had "an opinion as to his morality and integrity?", she said, "He has high standards. He was raised with high moral standards and he is a man of integrity and dedication."

Appellant took the stand and denied the conduct alleged in the indictment.

At the conclusion of the trial, defense counsel asked the trial court to instruct the jury on good character.[2]  The trial court denied the requested instruction.

## II. DISCUSSION

In his sole issue, appellant argues the trial court's refusal to submit a "good character charge" to the jury violated his federal due process right to a meaningful opportunity to present a complete defense.  *See* U.S. CONST. amends VI, XIV.

When evaluating charge error, we first determine whether there was error in the charge.  *Almanza v. State*, 686 S.W.2d 157, 174 (Tex. Crim. App. 1985) (op. on reh'g).  If we find error, "the next step is to make an evidentiary review . . . as well as a review of any other part of the record as a whole which may illuminate the actual, not just theoretical, harm to the accused."  *Id*.

1. *Does Texas Law Require A Trial Court To Submit A Good-Character Instruction To The Jury?*

While recognizing that federal practice calls for a good-character instruction when appropriate,[3] the court of criminal appeals has not allowed this instruction.  In *Jones v. State*, 566 S.W.2d 628 (Tex. Crim. App. 1978), the defendant argued the trial court erred in failing to charge the jury on the issue of his good character.  *Id*. at 629.  In finding no error, the court of criminal appeals stated:

> It was not incumbent upon the judge to give a special instruction on good character.  The law permits one accused of a crime to put his previous

---

[2]The proposed instruction stated:

You are instructed that you may consider the following types of character opinion evidence: for truthfulness and veracity, honesty, integrity, being a peaceful, law-abiding citizen, a moral person and for the safe and proper treatment of young children.  Character evidence may give rise to a reasonable doubt, since you may think it improbable that a person of good character in respect to those traits would commit such a crime.

[3]*See United States v. Darland*, 626 F.2d 1235 (5th Cir. 1980); *United States v. Callahan*, 588 F.2d 1078 (5th Cir. 1979).

good character before the jury for their consideration. All the court is required to do is to permit the evidence to go to the jury, to be by them considered in connection with the other testimony in the case, in order to determine from the whole evidence the guilt or innocence of the accused.

*Id*. at 630; *see Moncrief v. State*, 707 S.W.2d 630, 637 (Tex. Crim. App. 1986) (Teague, J., concurring) ("Good character evidence may of itself generate a reasonable doubt with respect to guilt, but in Texas the accused is not entitled to have the jury so instructed."); *see also Saunders v. State*, 572 S.W.2d 944, 955 (Tex. Crim. App. 1978) (holding that the trial court is not required to submit to jury "instruction as to the effect of a showing of prior good reputation); *Kirkpatrick v. State*, 515 S.W.2d 289, 294 (Tex. Crim. App. 1974) (holding that "failure of the court to grant . . . [defendant's] requested charge 'on the effect of reputation evidence in determining guilt and innocence'" was not error) (citing *Gilderbloom v. State*, 160 Tex. Crim. 471, 476, 272 S.W.2d 106, 109 (1954)).

2. *Application of Walters v. State*

In *Walters v. State*, 247 S.W.3d 204 (Tex. Crim. App. 2007), the court held

that generally speaking, neither the defendant nor the State is entitled to a special jury instruction relating to a statutory offense or defense if that instruction (1) is not grounded in the Penal Code, (2) is covered by the general charge to the jury, and (3) focuses the jury's attention on a specific type of evidence that may support an element of an offense or a defense. In such a case, the non-statutory instruction would constitute a prohibited comment on the weight of the evidence.

*Id*. at 212. The court further stated that "[n]ormally, if the instruction is not derived from the code, it is not 'applicable law.'" *Id*. at 214.[4]

In this case, the "good character charge" meets all three criteria stated in *Walters*. *See id.* at 212. First, the requested instruction is not grounded in the Texas Penal Code.

---

[4]In his appellate brief, appellant admits that he "is aware that the trial court's ruling excluding the charge was correct under <u>Walters v. State</u>, 247 S.W.3d 204 (Tex. Crim. App. 2007)."

*See* TEX. PENAL CODE ANN. §§ 8.01-9.63 (Vernon 2003 and Supp. 2008). Second, in *Heard v. State*, 9 Tex. Ct. App. 1 (1880), the court stated:

> It is also urged that, inasmuch as the defendant had introduced evidence of previous good character, the jury should have been instructed as to the effect of such testimony. *The judge, by admitting the evidence to the jury, authorized them to consider it*; to have done more would have been to invade the province of the jury, who are by law the exclusive judges of the weight to be given to the testimony. It was beyond the power of the court to tell the jury how much weight they should attach to the evidence of good character.

*Id.* at 14 (emphasis added) (quoted in *Gilderbloom*, 160 Tex. Crim. at 476, 272 S.W.2d at 109). Here, the trial court submitted an instruction that "[t]he jury is the exclusive judge of the facts proved." By admitting evidence of appellant's good character, the trial court authorized the jury to consider this evidence. *See id*. Therefore, the good-character instruction that appellant requested was covered by the instruction given.

Third, the requested instruction focuses the jury's attention on a specific type of evidence that may support an element of a defense. *See Moncrief,* 707 S.W.2d at 637 (Teague, J., concurring). That being the case, this "non-statutory instruction would constitute a prohibited comment on the weight of the evidence." *See Walters*, 247 S.W.3d at 212; *Pimentel v. State*, 710 S.W.2d 764, 778 (Tex. App.–San Antonio 1986, pet. ref'd) (noting that after numerous character witnesses testified about accused's good reputation for being peaceful and law abiding, accused requested instruction to jury that character evidence alone can create a reasonable doubt of guilt; court held instruction would amount to comment on weight of evidence); *Heard*, 9 Tex. Ct. App. at 14 (stating that "[i]t was beyond the power of the court to tell the jury how much weight they should attach to the evidence of good character").

3. *Federal Due Process Right To A Meaningful Opportunity To Present A Complete Defense*

Appellant argues that the application of *Walters v. State* would result in a violation of his federal due process right to a meaningful opportunity to present a complete defense.

The United States Supreme Court has stated that the United States Constitution guarantees defendants a meaningful opportunity to a complete defense. *See Crane v. Kentucky*, 476 U.S. 683, 690 (1986); *California v. Trambetta*, 467 U.S. 479, 485 (1984). However, the cases in which the Supreme Court has invoked this principle dealt with exclusion of either evidence[5] or the testimony of defense witnesses. *See, e.g., Webb v. Texas*, 409 U.S. 95 (1972) (per curiam); *Washington v. Texas*, 388 U.S. 14 (1967). We can find no authority holding that a Texas trial court's refusal to submit a "good character charge" to the jury violated the accused's federal due process right to a meaningful opportunity to present a complete defense. Nevertheless, we note that the charge in this case did not prevent the jury from considering evidence of appellant's good character; rather, the charge instructed that "[t]he jury is the exclusive judge of the facts proved." We generally presume the jury followed the trial court's instructions in the manner presented. *Colburn v. State*, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998); *see Williams v. State*, 937 S.W.2d 479, 490 (Tex. Crim. App. 1996) (jury presumed to followed court's instructions as given). While this presumption is rebuttable, appellant has pointed to no evidence in rebuttal. *See Colburn,* 966 S.W.2d at 520. Therefore, we presume the jury considered the evidence of appellant's good character. We hold the trial court properly refused appellant's requested instruction on good character. *See Jones,* 566 S.W.2d at 630; *Pimentel,* 710

---

[5]*See, e.g., Holmes v. South Carolina*, 547 U.S. 319, 323 (2006); *Crane v. Kentucky*, 476 U.S. 683, 690 (1986); *Chambers v. Mississipp*i, 410 U.S. 284 (1973).

S.W.2d at 769 ("A trial court may refuse a requested instruction when it incorrectly states the applicable law."); *Heard*, 9 Tex. Ct. App. at 14.

### III. CONCLUSION

We overrule the sole issue for review and affirm the trial court's judgment.

ROSE VELA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this 26th day of February, 2009.