

# IN THE
## TENTH COURT OF APPEALS

### No. 10-12-00293-CR

HERBERT LEROY PATTERSON,

                                        Appellant

 v.

THE STATE OF TEXAS,

                                        Appellee


**From the 54th District Court**
**McLennan County, Texas**
**Trial Court No. 2011-1213-C2**


## MEMORANDUM  OPINION


The jury convicted Herbert Leroy Patterson of the offense of continuous sexual abuse of a child and assessed his punishment at 45 years confinement.  The jury also convicted Patterson of the offense of indecency with a child and assessed his punishment at 20 years confinement and a $5,000 fine.  The trial court ordered the sentences to run consecutively.  We affirm.

## Background Facts

D.K. lived with her grandmother, Evelyn Price. Price dated Patterson, and Patterson also lived in her home. D.K. testified at trial that sometimes Patterson would come home late at night and that he would come in her room and try to "mess with her." D.K. further testified that Patterson would tell her to go to the washroom and that Patterson would take off her clothes. Patterson would offer D.K. money to go to the washroom with him. D.K said that Patterson would try to put his "private part" in her "private part" but that he was not able to do so. D.K testified that Patterson touched her with his mouth and his hands on her "private part." Patterson also made her hold his "private part" and move her hand "up and down." Patterson told D.K. not to tell anyone.

One night, Patterson sent D.K. to the washroom and told her to take off her clothes. D.K's Aunt Lakeisha came to the washroom, and Patterson sent D.K. outside. Lakeisha later found D.K. outside, and D.K. told her aunt what had happened. D.K.'s other aunt, Latrenda, came to the house and took D.K to the hospital the following day. D.K.'s grandmother, Evelyn, did not believe the allegations and called D.K. a liar.

## Jury Instruction

In the first issue, Patterson argues that the trial court erred in denying his requested jury instruction on character evidence. Appellate review of alleged jury-charge error involves a two-step process. *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). Initially, the court must determine whether error actually exists in the charge. If error is found, the court must then evaluate whether sufficient harm

resulted from the error to require reversal. *Id*. at 731-32. If an error was properly preserved by objection, reversal will be necessary if the error is not harmless. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). Conversely, if error was not preserved at trial by a proper objection, a reversal will be granted only if the error presents egregious harm, meaning appellant did not receive a fair and impartial trial. *Id*. To obtain reversal for jury-charge error, appellant must have suffered actual harm and not just merely theoretical harm. *Sanchez v. State*, 376 S.W.3d 767, 775 (Tex. Crim. App. 2012); *Arline v. State*, 721 S.W.2d 348, 352 (Tex. Crim. App. 1986).

Patterson requested a jury instruction on character evidence based on the Fifth Circuit Criminal Pattern Jury Instruction 1.09. Patterson contends that he presented character evidence to the jury that warranted submission of the requested instruction. Patterson requested the trial court to instruct the jury as follows:

> Where a defendant has offered evidence of good character for moral and safe relations with small children or young girls, you should consider such evidence along with all the other evidence in the case. Evidence of a defendant's character that is inconsistent with those traits of character ordinarily involved in the commission of the crimes charged in this case may give rise to a reasonable doubt, since you may think it improbable that a person of good character in respect to those traits would commit such crimes. You will always bear in mind, however, that the law never imposes on a defendant in any criminal case the burden or duty of calling any witnesses or producing any evidence.

In *Jones v. State*, 566 S.W.2d 628, 629 (Tex. Crim. App. 1978), the Court held that the judge is not required to give a special instruction on good character. The Court stated that the defendant is able to present evidence of good character to the jury, and the trial court is only required to permit that evidence to go to the jury for consideration

in connection with other testimony in the case. *Id*. The trial court did not err in refusing the requested jury instruction. We overrule the first issue.

## Cumulative Sentences

In the second issue, Patterson argues that the trial court erred in imposing cumulative sentences because the imposition of cumulative sentences violates his statutory right to jury sentencing under article 37.07 of the Texas Code of Criminal Procedure. Patterson argues that although he elected to have the jury assess his punishment, the trial court was allowed to increase his sentence by ordering that it run consecutively.

The trial court has the sole authority to order sentences to run consecutively. *See* TEX. CODE. CRIM. PRO. ANN. art. 42.08 (a) (West 2006). The trial court's authority to order cumulative sentences does not conflict with the right to have the jury assess punishment. *Johnson v. State*, 492 S.W.2d 505, 507 (Tex. Crim. App. 1973). Patterson contends that the issue should be revisited because the content and application of article 37.07 have changed significantly since the court of criminal appeals' holding. As an intermediate court of appeals, we are bound to follow the precedent of the court of criminal appeals. We overrule the second issue.

## Conclusion

We affirm the trial court's judgments.

AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed June 5, 2014
Do not publish
[CR PM]